[Civ. No. 7197. First Appellate District. Division Two.—December 17, 1929.]

MINNIE ROSE GUNN, Respondent, v. JOHN W. GUNN, Appellant.

Walter McGovern for Appellant.

Joseph Edward Connolly and Stanley Burke for Respondent.

NOURSE, J.—Plaintiff sued for the partition and sale of certain real property. The cause was tried before the court, which made findings and entered an interlocutory decree for plaintiff. From this decree the defendant has appealed on typewritten transcripts.

The complaint alleged that plaintiff and defendant John W. Gunn "are each the owners of an undivided one-half interest in the property described." The answer of defendant Gunn denied this allegation. On the trial this defendant's deed of conveyance was received in evidence. The deed conveyed to the plaintiff herein an undivided one-half interest in the property. The trial court found the allegation of the complaint true and ordered judgment for plaintiff.

By reason of his denials in his answer and his failure to assert any claim of interest in the property the appellant is not a party aggrieved by the decree and is therefore not entitled to urge any of his contentions on this appeal. (*Ritzman* v. *Ritzman*, 190 Cal. 505–507 [213 Pac. 493].)

Respondent's plea of ownership of an undivided one-half interest was equal to an averment of title in fee. (*Directors F. I. Dist.* v. *Abila*, 106 Cal. 355, 363 [39 Pac. 794].) Every estate of inheritance is a fee. (See sec. 762, Civ. Code.) Hence a tenant in common who holds his interest in fee has "an estate of inheritance" within the meaning of section 752 of the Code of Civil Procedure, entitling him to sue in partition. Failure to allege the precise character of the estate held by plaintiff is cured by the evidence and findings showing that the pleader comes within the category of those authorized to sue for partition under the code sections. But in reference to the rul-

ing on the demurrer to the complaint, since tenants in common who held the fee to realty were entitled to partition at common law under the Statutes of 31 and 32, Henry VIII (20 R. C. L., p. 743), therefore, though the complaint here did not strictly follow the terms of section 752 of the Code of Civil Procedure, it nevertheless stated a cause of action for equitable relief and the demurrer was properly overruled. (*Brown* v. *Anderson-Cottonwood Irr. Dist.*, 183 Cal. 186, 188 [190 Pac. 797].)

Respondent suggests that the decree is defective in that it does not expressly define the interests of these parties. Respondent asks this court to exercise the power given by section 956a of the Code of Civil Procedure, and enter a new decree to cure this defect. But the decree fails to determine the interests of other parties who are not represented on this appeal. There is no necessity of a further hearing to determine any of the facts as the findings fully cover every issue, but we deem it the better practice to remand the cause with directions to the trial court to modify the decree to conform to the findings on file and that, as so modified, the decree shall stand affirmed, each party to bear its own costs on this appeal.

So ordered.

Sturtevant, J., and Koford, P. J., concurred.