HENRY MARKER, APPELLEE, v. SCOTTS BLUFF COUNTY ET AL., APPELLANTS.

289 N. W. 534

FILED DECEMBER 23, 1939. No. 30846.

*Frank L. Glebe, Willard F. McGriff, Walter R. Johnson, Attorney General, and Rush C. Clarke,* for appellants.

*Morrow & Miller, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, MESS-MORE and JOHNSEN, JJ.

JOHNSEN, J.

Plaintiff seeks to have it decreed that the lien of certain taxes upon 160 acres of land in Scotts Bluff county was extinguished by scavenger proceedings under article XX, ch. 61, Comp. St. 1922 (Comp. St. 1929, ch. 77, art. 21), and to have his title quieted against any further claim for such taxes on the part of the state, the county, and the school district. Defendants' contention is that the scavenger pro-ceedings were a nullity, and the county, by cross-petition, prays that the lien of the taxes be confirmed and again fore-closed. From a decree in favor of plaintiff, the county and the school district have appealed.

The taxes involved were for the years 1919 to 1927, inclusive, upon 80 acres of the land, and for the years 1922 to 1927, inclusive, upon the other 80 acres. They totaled

approximately $975, without accumulated interest. In 1928 scavenger proceedings were instituted by the county attorney against a large number of tracts of real estate in Scotts Bluff county upon which the taxes were delinquent, including the two 80-acre tracts here involved, which were then owned by Grace I. Waters and Harry W. Drawbaugh, respectively. A decree of foreclosure was entered by the district court in such proceedings, and, at a sale held thereunder in May, 1929, R. G. Harvey bid in each of the 80-acre tracts here involved for $25, and had two certificates of tax sale issued to him. He later assigned one of the certificates to I. E. Adkins, and, in November, 1930, he and Adkins, after paying the 1928 and 1929 taxes upon the property, surrendered the certificates to the county treasurer, for cancelation under section 6132, Comp. St. 1922 (Comp. St. 1929, sec. 77-2129). No formal order of confirmation was ever entered by the court. An order was entered in November, 1932, on motion of the county treasurer, without notice, however, to any of the parties, authorizing him to cancel the taxes in question on his records, on the ground that they had been duly extinguished by the foreclosure proceedings.

Section 6132, Comp. St. 1922 (Comp. St. 1929, sec. 77-2129) provides: "Whenever the owner or holder of any certificate of tax sale shall return the certificate to the county treasurer and request a cancelation of such certificate, the same shall be taken up by the county treasurer and preserved, and an entry shall be made upon the tax record that the certificate has been returned and canceled and such cancelation shall have the effect of a redemption from such tax sale: *Provided,* no cancelation of premium sale certificates shall be made until the premium period shall have expired."

Plaintiff, who acquired title through mesne conveyances on the part of the then record owners, contends that the surrender of the tax sale certificates by the holders, with the intention that they should be canceled, operated, under the statute, as a redemption from the sale and an extinguishment of the lien. Defendants argue that the scavenger pro-

ceedings were ineffectual to extinguish the lien, for the following reasons: (1) The published notice was not in the exact language of the statute and so was insufficient to give the court jurisdiction to enter a decree. (2) The sale was a nullity because the proof of notice was not filed in the district court until after the sale was held. (3) The surrender of the certificates by the holders operated merely to vacate the sale, and not as a redemption and a cancelation in favor of the landowners, since such a construction would make section 6132 a means of releasing taxes, which the legislature is prohibited from doing under section 4, art. VIII of the Constitution. (4) The sale could not be given any judicial recognition in this proceeding, because it had never been confirmed.

The contention that the published notice was insufficient to give jurisdiction rests on the fact that it uses the words "Notice—You will take notice," etc., instead of being directed to "All Whom It May Concern," as provided in section 6110, Comp. St. 1922 (Comp. St. 1929, sec. 77-2107). Whatever merit, if any, this contention might have, if made by the owner or one having an interest in the property and no knowledge of the proceedings, it is clear that it is without force in the mouth of the plaintiff therein, where the only party against whom it can possibly be said to be defective, as a basis for imparting notice, recognizes its sufficiency and claims rights under the proceedings that are predicated on it. A seemingly technical variance from the provisions for notice in tax proceedings may under certain circumstances constitute such a substantial defect as not to impart constructive notice, but where the parties whom it is sought to bind by the notice make no objection to the defect, and, on the contrary, ratify the proceedings had, by the assertion of rights under them, such provisions will not be made ritualistic, in order to enable the party by whom the proceedings were instituted to escape some of the subsequent effects of them. Section 6148, Comp. St. 1922 (Comp. St. 1929, sec. 77-2145) expressly provides: "Throughout all of the proceedings it shall be the duty of the county (court)

to disregard all informalities or irregularities which may have occurred from the inception of every state, county or city general tax up to final confirmation of sale."

The contention that, since the proof of notice of sale was not filed in the office of the clerk of the district court until after the sale was held, the sale was void is also sufficiently answered by section 6148, just quoted. Section 6121, Comp. St. 1922 (Comp. St. 1929, sec. 77-2118), merely requires that such proof "shall be presented, with the affidavit attached, by the county treasurer to the clerk of the district court, and * * * shall be filed and preserved as a part of the records of the court." The time of filing is not specifically prescribed, and there is nothing that makes such filing a condition precedent to the right to hold the sale. Where the notice has been duly published, failure to file the proof thereof before the time of the sale would be at most a mere irregularity, which, under the statute, would have to be ignored.

Defendants' next contention is that the surrender of the certificate by the holders thereof, in 1930, did not operate to redeem the property from the sale and to extinguish the lien of the decree, but only to vacate the sale. Section 6132, which has been set out above, provides that the return of a tax sale certificate to the county treasurer, with a request for cancelation, "shall have the effect of a redemption from such tax sale." The term redemption, in a literal sense, means the act of buying back or repurchasing. Webster's New International Dictionary (2d ed.); *Murphy v. Casselman*, 24 N. Dak. 336, 139 N. W. 802. In law, it is applied specifically to the buying back or regaining of one's property after it has been sold. Ballentine's Law Dictionary, 1101. The statutory provision that a return of the tax sale certificate with a request for cancelation shall have the effect of a redemption from the tax sale cannot, therefore, by any ordinary construction, be held to mean that it merely operates to vacate the sale and to restore the lien of the decree. It must be held to mean what it in plain terms says, that such procedure shall have the effect of a redemption

from the tax sale. The property necessarily in this situation is not further subject to the lien of the decree.

Defendants argue that this construction makes section 6132 violative of section 4, art. VIII of the Constitution, which prohibits the legislature from making provision for the release or commutation of taxes. There is a distinction, however, between the release of taxes as such, and the extinguishment of the lien of a decree, into which they have been merged, by judicial sale proceedings. To the layman this may seem a technical distinction, but in law it is one that nevertheless soundly exists. Thus, it has been said that "a redemption of the land is not a payment of the tax." *Lindsay v. Fay*, 28 Wis. 177. And so, where taxes have been merged into a decree, and a public sale has been held, provisions may validly be made by the legislature for a redemption and a satisfaction of the decree, which could not be made if they were applied directly to the taxes themselves.

In *Woodrough v. Douglas County*, 71 Neb. 354, 98 N. W. 1092, the court said: "In a foreclosure the liens do not continue as encumbrances on the land, but by operation of law they are extinguished. In the proceeding to foreclose tax liens provided for in this act the liens are extinguished, and are not released either by the legislature or by the voluntary act of any public officer acting under authority from that body. * * * The judicial sale of property under a decree of foreclosure, for what it will bring, although it be less than the amount of the taxes assessed and delinquent against it, cannot be said to be a commutation of taxes within the Constitution." The rights of the public are sufficiently protected by an unimpeachable sale, and the provision which the statute makes for increased or premium bids. Where the highest amount which the property will bring has finally become settled, the public has no great concern about how the purchaser intends to realize upon the transaction. Its interest lies in obtaining as much revenue as possible from a fair public sale, and in getting the property back onto the tax rolls as a producer of current revenue. Where no bad faith is involved in the proceedings, it can

make no difference to the public, therefore, whether the purchaser is required to complete his title before he will be permitted to sell the property back to the former owner, or whether he is permitted to make a deal with the owner, after the sale and before issuance of treasurer's deed, by which the latter is enabled to retain the title and to discharge the lien. The fact that the legislature has made provision for the surrender of a tax sale certificate for cancelation, with the legal effect of a redemption from the sale, without requiring the holder to take title to the property in order to extinguish the lien of the certificates and the decree, does not make the statute an attempt to release or commute taxes.

Defendants' final contention is that the sale proceedings and the certificates issued thereunder cannot be given judicial recognition in this case because the sale was never confirmed. While a judicial sale does not become final or complete until it has been confirmed (*Smith v. Carnahan*, 83 Neb. 667, 120 N. W. 212), it is not a nullity merely because it lacks confirmation. 35 C. J. 44. Like all judicial proceedings, it is presumptively valid, and it must be so treated for every purpose possible. In a scavenger proceeding, an unvacated sale is valid for every purpose, without confirmation, except the termination of redemption rights and the obtaining of title. In the absence of any attempt to vacate it in the original proceedings, it must be recognized as valid for the purposes of this suit. Without a direct attack upon it, it is proper in this collateral proceeding to assume a conclusive acquiescence in it. Indeed, there is authority to the effect that failure to file objections to a sale may in some circumstances constitute such a ratification or acquiescence as to dispense with the necessity for a confirmation or to give rise to the presumption that an order of confirmation was made, of which the evidence has been lost. 2 Freeman, Executions (3d ed.) sec. 304a. In any event, while, of course, the surrender of certificates in connection with a sale that is subsequently vacated cannot operate as a valid redemption, such a surrender must, in the

absence of any attempt to vacate the sale, be treated as a valid redemption for purposes of this suit.

The decree of the trial court was proper under the circumstances.

AFFIRMED.