[Civ. No. 16942.   Second Dist., Div. One.   June 15, 1949.]

J. J. MISSLER et al., Appellants, v. CARRIE M. SOMMER et al., Respondents.

Arthur V. Kaufman for Appellants.

Byron R. Bentley for Respondents.

DORAN, J.—The within action to quiet title involves a lot sold to the state for delinquent county and city taxes for the fiscal year 1931-32 and purchased by plaintiffs from the state at a tax sale on August 22, 1945.

On May 16, 1947, the same lot was sold by the treasurer of the city of Los Angeles to one E. A. Stevens as the result of proceedings for the foreclosure of an improvement bond issued December 26, 1928, payable in 10 installments commencing January 2, 1930, the final installment being due January 2, 1939. No payment of principal or interest had been paid on this bond since July 2, 1931.

Defendant Cora W. McCoye is the successor in interest to the above mentioned E. A. Stevens, the original purchaser of the bond.

The court found in substance that by reason of the purchase of said lot, plaintiffs "have a lien on said lot for the sum of $650.00 and that the defendant Cora W. McCoye has a lien thereon for the sum of $4,205.78, and that plaintiffs, together, are the owners of an undivided one-half interest in said property and that defendant Cora W. McCoye is the owner of the other one-half interest in said property." The judgment provided the plaintiffs and defendant were tenants in common and that each had a lien on the property for the above-mentioned sums each had invested.

Plaintiff's appeal from the judgment is based on the contention that the holder of the bond, "failed to cause a sale to be made by the Treasurer within the time permitted by Section 330 of the Code of Civil Procedure, and that, therefore, the lien of the said bond was extinguished under the provisions of Section 2911 of the Civil Code."; that the sale by the City Treasurer of Los Angeles on May 16, 1947, was void and that the lien existing by virtue of the bond no longer existed because of the failure to sell the property on or before January, 1947.

Appellant relies on *Rombotis* v. *Fink*, 89 Cal.App.2d 378 [201 P.2d 588], pointing out that "The facts in this case are almost identical." At the trial of the action it was shown that "a demand for foreclosure was duly made upon the Treasurer of the City of Los Angeles on October 16, 1946, at which time his charges of $15.00 were paid by the holder of the bond."

Respondent points out the facts in the within action differ from the facts in the Fink case in that in the latter case, "no foreclosure proceedings were commenced prior to January 1, 1947, nor at all, whereas in the case at bar foreclosure proceedings were duly instituted with the County Treasurer on October 16, 1946." Also that in the Fink case "the plaintiff purchased the property after January 1, 1947, whereas in the case at bar appellants purchased and obtained title on August 22, 1945, before the 1945 amendments in question took effect and while respondent's bond was in good standing." It should also be noted that the opinion in the Fink case recites that the questions involved are: "(1) Is the 1945 amendment to section 2911 of the Civil Code a valid statute of limitations as to preexisting bonds? (2) Is the statute of limitations on foreclosure of street improvement bonds tolled while the property is in state ownership under a tax deed?"

Section 330 of the Code of Civil Procedure provides that when the official has the authority to sell the property, "said official may sell at any time prior to the expiration of four years after the due date of said bond or of the last installment thereof or of the last principal coupon attached thereto, or prior to January 1, 1947, whichever is later, but not thereafter." It is appellant's contention in substance that the word *sell* in section 330 is all-inclusive and contemplates each, all and every act required to be performed in the process. And that unless the last act is performed within the four years or before January 1, 1947, the sale is void. The Fink case does not support such a construction. Indeed such a strict and limited interpretation of section 330 would not only defeat the purpose of that section, but by analogy would complicate other provisions of chapter II and title II of the Code of Civil Procedure. The sale of the property in the within action in the circumstances was according to law as contemplated by the above provisions.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.