[L. A. No. 21835. In Bank. Oct. 28, 1952.]

GUY N. STAFFORD, Appellant, v. REALTY BOND SERVICE CORPORATION (a Corporation), Respondent.

[L. A. No. 21836. In Bank. Oct. 28, 1952.]

REALTY BOND SERVICE CORPORATION (a Corporation), Respondent, v. GUY N. STAFFORD, Appellant.

Guy N. Stafford, in pro. per., for Appellant.

John F. Bender and Gizella M. Allen for Respondent.

Ray L. Chesebro, City Attorney (Los Angeles), Louis A. Babior and Spencer L. Halverson, Deputy City Attorneys, as Amici Curiae on behalf of Respondent.

SPENCE, J.—The primary question to be determined is the right of a holder of a certificate of sale, made in satisfaction of a delinquent street assessment, to have a deed issued thereon after January 1, 1947, the terminative date fixed by section 2911 of the Civil Code, as amended in 1945, for the presumed extinguishment of liens.

In 1933 the lot in question was sold to the state because of a failure to pay 1927 property taxes. By deed in 1944 the state conveyed its tax title to one Lorna Stafford, who in 1946 conveyed the property to appellant Stafford. Meanwhile in 1930 the city, proceeding under the Street Opening Act of 1903 (now codified as Sts. & Hy. Code, div. 6, pt. 1, § 4000 et seq.) levied an assessment against the property. The assessment not being paid, the property was sold on December 15, 1930, and a certificate of sale was issued therefor.

On April 20, 1949, appellant Stafford brought an action to quiet title against respondent Realty Bond, holder of the certificate of sale. On June 20, 1949, respondent, in pursuance of its certificate, procured a deed from the Board of Public Works. (Sts. & Hy. Code, § 4346.) Then on June 30, 1949, respondent brought a separate suit for partition against appellant, alleging that the parties were cotenants of the

property. The court made findings in both cases in favor of respondent, disposing of the opposing tax and street assessment liens in accord with the parity principle. It expressly decreed that the parties were the owners of the property "as tenants in common, each owning an undivided one-half interest" therein; that appellant was the holder of an equitable lien upon the property in the sum of $200 (the amount shown to have been paid for the tax deed by appellant's predecessor in interest); that respondent was the holder of an equitable lien upon the same property in the sum of $1,332.65 (the principal amount of the assessment plus interest and penalties computed to be due on the certificate of sale at the time the deed was issued thereon); that the property should be sold by a referee and the proceeds apportioned in accordance with the terms of decree. (*Monheit* v. *Cigna*, 28 Cal.2d 19 [168 P.2d 965, 167 A.L.R. 995]; *Elbert, Ltd.* v. *Nolan*, 32 Cal.2d 610 [197 P.2d 537].) From such judgment appellant appeals.

Appellant contends that respondent's certificate of sale constituted no more than a lien which was extinguished on January 1, 1947, under Civil Code, section 2911, as amended in 1945, and that consequently respondent's deed, issued in reliance on such certificate after the terminative date, is without valid basis. Accordingly, appellant maintains that the court improperly applied the parity principle. But an analysis of the statutory law and the legal principles applicable to the disposition of the parties' opposing claims will demonstrate the impropriety of appellant's position.

In 1945 considerable property in the state was burdened with unpaid overlapping assessments and tax liens, delinquencies which in many cases exceeded the value of the property and constituted perpetual clouds against land titles. To relieve such chaotic economic condition, the Legislature in 1945 undertook a complete revision of the subject, with the purpose of restoring the delinquent properties to the tax rolls and providing, without impairment of rights, a definite period of time for the duration and enforcement of delinquent property liens. (*Rombotis* v. *Fink*, 89 Cal.App.2d 378, 390 [201 P.2d 588]; also *Scheas* v. *Robertson*, 38 Cal.2d 119, 125 [238 P.2d 982].) Accordingly, as here pertinent, section 2911 of the Civil Code was amended that year to read as follows: "A lien is extinguished by the lapse of time within which, under the provisions of the Code of Civil Procedure. . . . 2. A treasurer, street superintendent or other public

official may sell any real property to satisfy a public improvement assessment or any bond issued to represent such assessment and which assessment is secured by a lien upon said real property, whichever is later.'' At the same time section 330 of the Code of Civil Procedure was enacted to provide that when the official has the authority to sell the property, he ''may sell at any time prior to the expiration of four years after the due date of said bond or of the last installment thereof· or of the last principal coupon attached thereto, or prior to January 1, 1947, whichever is later, but not thereafter.''

Here the sale of the property for the delinquent street assessment was held in 1930, which was well within the time contemplated by law. Under section 4343 of the Streets and Highways Code, upon issuance of the certificate of sale, ''the lien of the assessment shall vest in the purchaser, and is only divested by a redemption of the property . . .'' Section 4346 of said code then provided that ''at any time after the expiration of 12 months from the date of sale,'' the street superintendent might ''execute to the purchaser or his assignee . . . a deed of the property sold, which shall recite substantially the matters contained in the certificate, also any assignment thereof and the fact that no person has redeemed the property.'' Despite this unlimited time for issuance of the deed after the lapse of 12 months from the date of sale, appellant argues that respondent was required to procure a deed before January 1, 1947, in order to preclude the extinguishment of the ''lien of the assessment.'' In this contention appellant relies on that language of section 2911 of the Civil Code, as amended in 1945, providing that ''any lien heretofore existing or which may hereafter exist upon real property to secure the payment of a public improvement assessment shall be presumed to have been extinguished . . . on January 1, 1947.''

But the determinative consideration here is the fact of sale of the property in 1930 in satisfaction of the delinquent street assessment. Thereby the initial steps in preservation of the lien were taken and the amount of the assessment claim against the property was made a matter of record. (*Cf. Sipe v. Correa,* 38 Cal.2d 131, 134-135 [238 P.2d 989].) A similar problem was presented in *Missler* v. *Sommer,* 92 Cal.App.2d 417 [206 P.2d 1116], where the sale on the de-

linquent improvement bond was not consummated until after January 1, 1947, although foreclosure proceedings had been instituted with the proper public official a few months before that date. It was argued that the sale was not caused to be timely made, that the lien of the bond was therefore extinguished under the 1945 amendment to section 2911 of the Civil Code, and that the sale as actually concluded was void as without legal basis. The court rejected this theory of extinguishment of the bond lien where demand was made to the authorized official for the sale prior to the time limit specified therefor by section 330 of the Code of Civil Procedure. Such case was distinguished from the situation existing in *Rombotis* v. *Fink, supra,* 89 Cal.App.2d 378, where no foreclosure proceedings at all were commenced prior to January 1, 1947. Such inaction on the part of the bondholder brought into play the provision for extinguishment of the assessment lien as provided by the 1945 amendment to said section 2911 of the Civil Code, construed as a valid statute of limitations affecting the duration and enforcement of preexisting bond liens.

In the Missler case at page 419 the court said: "It is appellant's contention in substance that the word *sell* in section 330 (Code Civ. Proc.) is all-inclusive and contemplates each, all and every act required to be performed in the process. And that unless the last act is performed within the four years or before January 1, 1947, the sale is void. The Fink case does not support such a construction. Indeed such a strict and limited interpretation of section 330 would not only defeat the purpose of that section, but by analogy would complicate other provisions of chapter II and title II of the Code of Civil Procedure (Time for Commencement of Civil Actions). The sale of the property in the within action in the circumstances was according to law as contemplated by the above provisions."
Here not only the demand but the actual sale was completed more than 16 years before January 1, 1947, so as to bring this case even more effectively without the time limitation of the 1945 legislation for the taking of action in the enforcement of delinquent assessment liens so as to avoid their extinguishment under statutory law.

Moreover, regard must be had for the position of the holder of a certificate of sale under the law. Upon the filing of the certificate, the lien of the assessment vests in the purchaser and is only divested by a "redemption." (Sts. & Hy. Code, § 4343.) ▆ The term "redemption," in a literal sense,

means the act of buying back or repurchasing. (Webster's New Internat. Dict., 2d ed.)  It connotes a change of interest in the thing to be redeemed, and implies that there is something to be redeemed, "something lost to be gotten back." (*Seward* v. *Dogan*, 198 Miss. 419 [21 So.2d 292, 295]; *cf. Marker* v. *Scotts Bluff County*, 137 Neb. 360 [289 N.W. 534, 537]; *Lincoln County* v. *Shuman*, 138 Neb. 84 [292 N.W. 30, 33]; Words & Phrases, Perm. ed., vol. 36, p. 592.) ■ By analogy, the certificate of sale issued upon a delinquent street assessment may be construed to have many of the attributes of a like certificate acquired upon an execution sale. In each instance the certificate is a memorial signed by a public official authorized by law to *sell* the property. It sets forth what has taken place at the sale and evidences the conduct of proceedings whereby equitable title to the property is conditionally vested in the purchaser, subject to be defeated by a redemption, but if not so redeemed as provided by law, it entitles the holder to a deed vesting in him legal title to the property.  (*Cf. Foorman* v. *Wallace*, 75 Cal. 552, 556 [17 P. 680].) ■ There thus appears this significant distinction: Where a certificate of sale has been issued on a delinquent street assessment, the former owner, by redemption, buys back the property, whereas by payment of such delinquency prior to sale, he merely pays a debt against his own property.  Such distinction in law indicates that a certificate of sale was intended to convey to the purchaser more than a "mere lien," within the common understanding of that term as signifying only a claim of indebtedness against the property. ■ It is in the latter sense that the 1945 amendment to section 2911 of the Civil Code would apply in its provision for extinguishment of a lien on which no action has been taken for enforcement prior to the terminative date of January 1, 1947.

■ Nor does it appear that the 1945 provision in said section 2911 of the Civil Code for the extinguishment of liens could reasonably be applied to the property interest evidenced by a certificate of sale and require it, as no more than a lien, to be converted into a deed prior to January 1, 1947. In *Rombotis* v. *Fink*, *supra*, 89 Cal.App.2d 378, 390-391, that legislation was held to be a valid statute of limitations as to preexisting bonds because it allowed a reasonable time for the holder of an assessment lien to take action for its enforcement.  But within the 15½ months' period of grace allowed a lien claimant to act before the operative date of Janu-

ary 1, 1947, it would be impossible for him to complete sale proceedings on the delinquent assessment and likewise acquire a deed to the property in order to preclude extinguishment of the lien evidenced by the certificate of sale. Assuming as noted in the Rombotis case, that the "minimum time required to complete a sale through a city or county treasurer under the improvement act is seven months" (p. 391), 12 months must then elapse before a deed can be acquired under the statutory redemption allowance (Sts. & Hy. Code, § 4346)—making a total period of at least 19 months. Such an unreasonable application of the 1945 legislation in the curtailment of vested rights could not be sustained. (*Cf. Rombotis* v. *Fink, supra.*)

Section 2911 of the Civil Code, as amended in 1945, makes no mention of a deed or when a deed should be issued in pursuit of sale proceedings which are timely undertaken. Subsequent legislation relating to this matter indicates that a certificate of sale was not contemplated as a lien affected by the presumption of extinguishment provided by the 1945 amendment.

▮ At the time of the creation of the special assessment here involved and the sale of the property in satisfaction of the delinquency (1930), the only statutory provision regulating the time for issuance of a deed in pursuance of a certificate of sale was section 28 of the Street Opening Act of 1903 (now codified in Sts. & Hy. Code, § 4346), declaring that a deed could be issued "at any time after the expiration of 12 months from the date of sale." While it appears that the Legislature in 1945 undertook "a complete revisory plan with reference to the duration and extinction of assessment liens" (*Rombotis* v. *Fink, supra,* 89 Cal.App.2d 378, 384) so as to require the holders thereof to take timely action for enforcement of their liens, such legislation was held not to apply in extinguishment of an assessment lien on which sale proceedings had been commenced prior to the terminative date prescribed in the 1945 legislation—namely, January 1, 1947. (*Missler* v. *Sommer* [June 15, 1949] *supra,* 92 Cal.App. 2d 417.) Thereafter (July 22, 1949) section 801.11 of the Code of Civil Procedure was enacted to provide that if a deed was not issued prior to January 1, 1951, then "any certificate issued on sale made to satisfy any public improvement assessment . . . shall be presumed to have been paid and redeemed." And in 1951 said section 801.11 was amended to provide that if the deed was not issued prior to January 1,

1953, the presumption of payment and redemption would become conclusive.

It is true that the 1949 legislation relating to the determination of an alleged property interest arising by reason of a certificate of sale and prescribing a time limitation for procurement of a deed thereon (Code Civ. Proc., §§ 801.1 to 801.15) was not effective until several months after the filing of the present actions (October 1, 1949). However, such later legislation brings into sharp focus the scope of the 1945 legislation as limited to a revision of the subject of the duration and extinguishment of assessment liens upon which no action or proceedings had been taken for their enforcement. If the interest created by a certificate of sale were intended to come within the presumption of extinguishment of assessment liens under the 1945 amendment to section 2911 of the Civil Code, then the addition of section 801.11 to the Code of Civil Procedure in 1949, and its amendment in 1951, would be superfluous enactments. ■ But it cannot be assumed that the 1949 and 1951 Legislatures indulged in idle acts. (23 Cal.Jur. § 158, p. 781; *Scheas* v. *Robertson, supra,* 38 Cal.2d 119, 129.) Rather every statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect. (*Chilson* v. *Jerome,* 102 Cal.App. 635, 640 [283 P. 862]; *cf. Boyd* v. *Huntington,* 215 Cal. 473, 482 [11 P.2d 383].) ■ In construing these remedial statutes, all affecting the finality and security of land titles, it is proper to consider the history and purpose of the enactments, the previous state of the legislation on the subject, other statutes *in pari materia* and the benefits sought to be provided. (23 Cal.Jur. § 163, p. 785; *County of Los Angeles* v. *Frisbie,* 19 Cal.2d 634, 639 [122 P.2d 526].) ■ Moreover, as above noted, the 1949 legislation was enacted after the decision in *Missler* v. *Sommer, supra,* 92 Cal.App.2d 417, holding the extinguishment of the lien provision under the 1945 amendment to section 2911 of the Civil Code inapplicable where sale proceedings had been instituted within the prescribed time. Presumably, the 1949 Legislature had knowledge of this judicial decision and enacted the pertinent legislation in the light thereof. (23 Cal. Jur., § 159, p. 782; *Sutter Hospital* v. *City of Sacramento, ante,* pp. 33, 38 [244 P.2d 390].)

■ Here the deed in pursuance of respondent's certificate of sale was issued on June 20, 1949, some 18 months prior to operation of the disputable presumption of payment

and redemption under section 801.11 of the Code of Civil Procedure, as enacted in 1949, and some 42 months prior to the operation of the conclusive presumption under the 1951 amendment to said section. As so validly issued following official sale proceedings brought to satisfy a delinquent assessment, respondent's deed stands on a parity with appellant's tax deed, the holders thereof becoming tenants in common, with the right to enforce their respective equitable liens against the property. The amount of respondent's lien appears to have been computed in accordance with the governing statutory provisions (Sts. & Hy. Code, §§ 4344, 4350) and the record contains no evidence, either oral or documentary, introduced by appellant in contest of the calculated amount. Likewise, respondent's evidence supports the propriety of the court's decree for sale of the property and partition of the proceeds in accordance with the parity principle. Accordingly, appellant's challenge of the respective judgments cannot be maintained. (*Monheit* v. *Cigna, supra,* 28 Cal.2d 19; *Elbert, Ltd.* v. *Nolan, supra,* 32 Cal.2d 610.)

The judgments are, and each of them is, affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.

Appellant's petition for a rehearing was denied November 25, 1952.