[L. A. No. 22250. In Bank. Mar. 17, 1953.]

ELBERT, LTD. (a Corporation), Respondent, v. ELIZA-
BETH CLARE et al., Defendants; CATHERINE
OBERSMITH, Appellant.

Arthur E. Briggs for Appellant.

John F. Bender and Gizella M. Allen for Respondent.

SPENCE, J.—Plaintiff brought this action for partition pursuant to section 752 of the Code of Civil Procedure. It claimed title to the property by treasurer's deed issued after foreclosure of a street improvement bond authorized under the Improvement Act of 1911 (Stats. 1911, p. 730; 3 Deering's Gen. Laws, 1937, Act 8199.) Defendant claimed title through a tax deed issued after conveyance to the state for

the nonpayment of taxes. (Rev. & Tax. Code, div. 1, pt. 6, ch. 7.) Judgment for partition was entered and the rights of the parties were decreed thereunder. Our review of the record convinces us that defendant's challenge of the jurisdiction of the court to render such judgment and the propriety of its terms is without merit.

At the trial plaintiff did not attack the validity of defendant's tax deed, but the latter did successfully attack the validity of plaintiff's treasurer's deed. The trial court concluded that defendant was the owner of the property; that plaintiff's treasurer's deed and the certificate of sale upon which it was based were both void; that plaintiff was the owner of the street improvement bond in question; that the amount due on plaintiff's bond ($1,086.40) and the amount paid for defendant's tax deed ($250) constituted liens against the property; and that said liens were on a parity. Accordingly, the court ordered the property to be sold by designated referees and the proceeds derived from the sale to be applied in this order: (a) payment of the referees' fees and expenses; (b) payment of plaintiff's and defendant's costs of action; (c) allowance of a reasonable sum to plaintiff for counsel fees; (d) satisfaction of plaintiff's and defendant's respective liens, pro rata; and (e) payment of the balance, if any, to defendant holder of the tax deed.

In *Elbert, Ltd.* v. *Nolan,* 32 Cal.2d 610, at page 615 [197 P.2d 537], partition was declared to be the proper statutory remedy where the plaintiff's lien is on a parity with that on which the owner's title is based. (Code Civ. Proc., § 752.) There, however, plaintiff's claim was predicated on the ownership of unpaid street improvement bonds on which no foreclosure proceedings had been taken, while here such proceedings were taken but were ineffective because of the failure to comply with certain statutory requirements. Defendant maintains that in these differing circumstances the only course open to the trial court was to order a reforeclosure of the bond. (Sts. & Hy. Code, § 6572.) ▮ The cited section provides: "If any sale of lands for delinquency in the payment of principal or interest of any bond is held illegal or invalid, or any deed issued to the purchaser at any such sale is held illegal or invalid for any reason whatsoever, the lands described in the bond shall not be released from the lien of the assessment but shall be and remain subject to further proceedings for the enforcement of the assessment, and the further proceedings *may* include additional sales or

the issuance of new deeds. In any event, however, the lien of the assessment shall continue only until a valid sale is had and a valid deed issued, or until the expiration of two years after such sale or deed is held illegal or invalid, whichever is sooner.'' (Emphasis added.) This section clearly does not purport to limit the bondholder's right to the taking of further sale proceedings and the procurement of a new treasurer's deed, but rather provides such course as only an optional means for the enforcement of the assessment consistent with the continuance of the lien for the stated period.

Upon the trial court's finding that plaintiff's foreclosure proceedings were ineffective and the treasurer's deed was therefore void, the lien of the unpaid bond continued (Sts. & Hy. Code, § 6572) and was subject to appropriate enforcement by plaintiff as the assignee of the purchaser at the invalid foreclosure sale. (*Burns* v. *Hiatt,* 149 Cal. 617, 624 [87 P. 196, 117 Am.St.Rep. 157].) Partition is an equitable action, and in the disposition thereof the trial court will determine the interests of all parties involved so as to effect a complete adjudication of the controversy and avoid a multiplicity of suits. (*Adams* v. *Hopkins,* 144 Cal. 19, 29 [77 P. 712]; *Akley* v. *Bassett,* 189 Cal. 625, 647 [209 P. 576]; see 10 Cal.Jur. § 41, p. 496.) In such action the fact that plaintiff was not entitled to prevail on its claim of legal title under the foreclosure proceedings did not preclude the trial court from declaring a lesser interest as the basis for granting appropriate relief. (*Peterson* v. *Gibbs,* 147 Cal. 1, 5 [81 P. 121, 109 Am.St.Rep. 107]; *Sears* v. *Rule,* 27 Cal.2d 131, 149 [163 P.2d 443]; *Hendershott* v. *Shipman,* 37 Cal.2d 190, 194 [231 P.2d 481]; *Hurt* v. *Pico Inv. Co.,* 127 Cal.App. 106, 113-114 [15 P.2d 203].) The established invalidity of the foreclosure proceedings and the treasurer's deed issued thereafter relegated plaintiff to the position of a holder of an unforeclosed bond lien. (Sts. & Hy. Code, § 6572.) The street improvement bond was in evidence and the amount due thereon appeared from the admitted record of the ineffective sale proceedings. Upon such basis the trial court computed the total sum owing on the unpaid bond as the lien indebtedness, and defendant at the trial made no objection as to the correctness of such computation. While from this evidence plaintiff was unable to prevail on its alleged claim of title to the property as a tenant in common with defendant, the precise origin,

nature and extent of its equitable interest clearly appeared as the premise for relief in the trial court's adjustment of the rights of the parties. In short, the respective interests of both parties in the property were placed squarely in issue for disposition by the trial court, and the evidence showed that plaintiff was within the category of those authorized to sue for partition. (*Cf. Gunn* v. *Gunn,* 102 Cal.App. 606, 607 [283 P. 80].) Under these circumstances defendant unavailingly argues the variance between plaintiff's pleading and the evidence substantiating its right to the relief granted.

As above noted, upon the finding of invalidity of the foreclosure proceedings and the treasurer's deed, the lien of the unpaid street improvement bond continued (Sts. & Hy. Code, § 6572), and the case was identical with the situation prevailing in *Elbert, Ltd.* v. *Nolan, supra,* 32 Cal.2d 610, 615— a controversy involving the status of an unforeclosed bond lien as against a title interest under a tax deed. ■ Having found the lesser interest in plaintiff (*Hendershott* v. *Shipman, supra,* 37 Cal.2d 190, 194), the trial court properly concluded that plaintiff was entitled to partition. (Code Civ. Proc., § 752.) With the interested parties before the trial court, it would be an idle act for the court to require plaintiff to initiate new foreclosure proceedings, again obtain a treasurer's deed, and then file another action for partition. ■ Defendant argues that unless plaintiff is required to renew foreclosure proceedings incident to the issuance of a proper certificate of sale (Sts. & Hy. Code, § 6572), defendant will be deprived of the statutory right of redemption of the property "within 12 months from the date of purchase." (Sts. & Hy. Code, § 6530.) But such statutory right cannot be said properly to apply here, for otherwise the provisions of the partition statute, which afford relief to the holder of "a lien on a parity with that on which the owner's title is based," would be nullified. (Code Civ. Proc., § 752; *Elbert, Ltd.* v. *Nolan, supra,* 32 Cal.2d 610, 615.) Rather here, having all the parties in this equitable action before it, the trial court properly determined their rights in accordance with the evidence and rendered judgment effecting a complete settlement of the litigation as authorized by statute. (*Elbert, Ltd.* v. *Nolan, supra,* 32 Cal.2d 610, 618-619.)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.