[L. A. No. 22649.   In Bank.   Apr. 27, 1954.]

SOLON S. KIPP et al., Respondents, v. VIRGIL S. KIPP, Appellant.

—————

*Assigned by Chairman of Judicial Council.

Virgil S. Kipp, in pro. per., Kipp & Gaskins and Paul E. Gaskins for Appellant.

Solon S. Kipp and W. E. Starke, in pro. per., for Respondents.

SHENK, J.—This is an appeal from a judgment for the plaintiffs ordering the sale of real property and the partition of the proceeds in an action brought pursuant to section 752 of the Code of Civil Procedure, and denying relief to the defendant on his cross-complaint wherein he sought to quiet his title.

The defendant has a title to the property arising out of a tax deed from the state executed in August, 1945, and naming him as grantee. Under the provisions of division 1,

part 6, of the Revenue and Taxation Code the state acquired the property in 1938 for tax delinquencies arising in 1932 and subsequent years.

The plaintiffs claim title through the lien of a street improvement bond issued by the city of San Diego in 1930 under the Improvement Act of 1911. The last coupon on the bond was due and became delinquent on January 2, 1940. On December 30, 1943, a complaint to foreclose the bond was filed in the plaintiffs' behalf against the owners of the property which was subject to the liens. *Lis pendens* was recorded at that time. On December 31, 1946, a decree of foreclosure was entered in the action, and in due course the plaintiffs obtained a commissioner's deed to the property.

The plaintiffs assert that they are tenants in common with the defendant and that the property is subject to mutual liens to the extent of the respective purchase prices paid. ■ If the interests asserted by the parties were properly established and preserved they are on a parity and the remedy by partition sought by the plaintiffs is proper. (Rev. & Tax. Code, § 3900; *Monheit* v. *Cigna*, 28 Cal.2d 19 [168 P.2d 99, 162 P.2d 41].)

The defendant resists the action in partition on the asserted ground that the plaintiffs have not sufficiently preserved their interest under the improvement bond, and that this interest was extinguished on January 1, 1947, by the operation of section 2911 of the Civil Code. As amended in 1945 that section provides in its pertinent part: ". . . any lien heretofore existing or which may hereafter exist upon real property to secure the payment of a public improvement assessment . . . in the event bonds were or shall be issued to represent such assessment, . . . shall then be presumed to have been extinguished at the expiration of four years after the due date of said bonds or of the last installment thereof or of the last principal coupon attached thereto, or on January 1, 1947, whichever is later. The presumptions mentioned in this paragraph shall be conclusive in favor of a bona fide purchaser for value of said property after such dates."

■ No contention is made that the defendant is entitled to the conclusive presumption, and the other presumptions contained in the section, not declared to be conclusive, are rebuttable under section 1961 of the Code of Civil Procedure. The question for decision is whether the disputable presumption of extinguishment was overcome by the commencement,

maintenance and conclusion by judgment of the foreclosure proceedings before January 1, 1947.

In *Scheas* v. *Robertson,* 38 Cal.2d 119 [238 P.2d 982], this court passed on the constitutionality of the provisions of section 2911. ■ At page 126 the following quotation, with obvious approval of the legal effect thereof, from *Rombotis* v. *Fink,* 89 Cal.App.2d 378, 386 [201 P.2d 588], is pertinent as to the character of the evidence necessary to overcome a disputable presumption of extinguishment under this statute: ''The only rights sought to be extinguished were those where the inference could reasonably be drawn from inaction that the rights had been abandoned. The extinguishment resulted, not from the legislation itself, but from the conduct of the bondholder in continuing to fail to assert his right after due notice. The legislation in question does no more than recognize the logical inference to be drawn from long inaction on the part of the bondholder—that the claim has been paid, abandoned or otherwise extinguished. . . .''

■ In the present case there is no compelling evidence that the plaintiffs intended to abandon their lien right. On the contrary there is ample evidence that they intended to, and in fact did assert it by bringing the foreclosure action within the time specified and pursuing it to judgment within that time. (See *Missler* v. *Sommer,* 92 Cal.App.2d 417 [206 P.2d 1116].) It is true that remedies available through actions of a different character could have been effective in preserving the lien (see *Sipe* v. *Correa,* 38 Cal.2d 131, 134 [238 P.2d 989]; *Scheas* v. *Robertson, supra,* 38 Cal.2d 119, 123; *Elbert, Ltd.* v. *Nolan,* 32 Cal.2d 610, 613, 615 [197 P.2d 537]), but the foreclosure action brought and carried to judgment affirmatively demonstrated an intent to assert and perfect the lien. Such activity on the part of the plaintiffs served to overcome the disputable presumption of abandonment or extinguishment by inaction which might otherwise have been effective by the operation of section 2911 on January 1, 1947.

Anything said in the case of *Kipp* v. *Luberco, Ltd.,* 116 Cal.App.2d 656 [254 P.2d 150], which may be deemed contrary to the conclusions herein expressed is disapproved.

The judgment is affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.