[Civ. No. 20108. Second Dist., Div. Three. Oct. 25, 1954.]

RAYMOND MARGRAF, Plaintiff, v. AMELIA V. HART et al., Defendants and Respondents; JEAN GRIMES et al., Defendants and Appellants.

Robert E. Rosskopf for Defendants and Appellants.

A. J. Weiss and Samuel H. Sherman for Defendants and Respondents.

VALLÉE, J.—Plaintiff Margraf sued to quiet title to a parcel of realty. Defendants Jean Grimes and Gloria Haran cross-complained asserting title as assignees from C. B. Carpenter, Jr., of a certificate of sale of the property issued December 23, 1946, by the treasurer of Beverly Hills on foreclosure of street improvement bond number 16, series 34, under the Improvement Act of 1911 (now Sts. & Hy. Code, §§ 5000-6794).[1] The bond for $1,245.87 was issued January 5, 1928. The last coupon on the bond was due and became delinquent on January 2, 1938. Defendants John and Amelia Hart also cross-complained seeking to quiet title, claiming under a tax deed issued February 18, 1948, for which they paid $2,000, pursuant to a sale of the property for delinquent city and county taxes for the fiscal year 1926-27. Beverly Hills has lighting and weed assessment liens and the County of Los Angeles has current tax liens on the property. The cross-complaint of Jean Grimes and Gloria Haran alleged that the certificate of sale was a lien on the property on a parity with the tax deed, and prayed that the respective rights of the parties be determined. The judgment decreed that Jean Grimes and Gloria Haran have no interest in the property. The validity of the tax deed to the Harts, the Beverly Hills assessment liens, and the county tax lien is not questioned. The controversy here is between Jean Grimes and Gloria Haran, appellants, and the Harts, respondents.

---

[1]All section references are to the Streets and Highways Code unless otherwise indicated.

The court found: there was no demand in writing by the holder of bond 16 that the treasurer advertise and sell the property; Carpenter, the holder of the bond, made an oral demand for foreclosure; a sale was had on or after December 23, 1946, and a certificate of sale was issued to Carpenter in the amount of $4,148.70, "with the following irregularities occurring: (a) There was no number in the Certificate of Sale. (b) There was no recording of the Certificate of Sale. (c) There was no written demand to foreclose. (d) The amount of sale was not written in the Certificate. (e) Two Certificates of Sale were issued, one dated December 23, 1946, and the other December 31, 1946. (f) One Certificate contained no description of the property. (g) Notices were mailed by the City to June Knapp, as owner, dated May 31, 1946, and July 1, 1946, respectively, both demanding payment within six months. (h) The Beverly Hills Treasurer's Record Book does not show the date of the bond or the date of sale; it contains only a partial description of the property; it does not show the amount of the sale; and it contains no notation 'Canceled by Sale.' (i) The proceedings are further confused by an undated memorandum from the City Attorney to the City-Treasurer—'Date everything May 31st.' (j) There is some doubt that a sale was conducted on December 23, 1946, since by letter dated December 23, 1946, to the Beverly Hills City Treasurer, the Realty Tax and Service Co. forwarded a form for use at the sale."

The court concluded: the foreclosure sale of bond 16 is void; the validity of the bond was not affected by the invalidity of the sale, and the property "continued to remain subject to the lien of said bond, except as to a bona fide purchaser for value purchasing after January 1, 1947"; the Harts were bona fide purchasers for value on February 18, 1948; by reason of the purchase by the Harts the lien of bond 16 was extinguished.

Appellants contend the conclusion that the foreclosure sale was invalid is not supported by the evidence or the findings. Respondents say that on the facts found the sale was invalid. We assume for the purpose of the decision that the sale was invalid. (See *Warden* v. *Ratterree,* 215 Cal. 215 [9 P.2d 215, 86 A.L.R. 1204]; *Thomas* v. *Peterson,* 213 Cal. 672 [3 P.2d 306]; *Warden* v. *Gries,* 120 Cal.App. 187 [7 P.2d 342].) Appellants say that even if the sale was invalid the lien of the bond continued under section 6572. Respondents argue that the lien of the bond was extinguished prior to the sale

under section 5372; that if section 5372 does not apply, it is presumed extinguished under section 2911 of the Civil Code and section 330 of the Code of Civil Procedure; that such presumption is conclusive in favor of a bona fide purchaser for value; and they were bona fide purchasers for value.

At the time the bond was issued section 23 of the Improvement Act of 1911 provided that the lien of the assessment shall continue "until it be discharged of record." (Stats. 1927, ch. 745, § 1, p. 1407; now Sts. & Hy. Code, § 5372.) In 1941, when the Improvement Act of 1911 was incorporated in the Streets and Highways Code, the pertinent part of section 23 became section 5372 of the code, reading: "The warrant, diagram and assessment shall be recorded in the office of the superintendent of streets. When so recorded the several amounts assessed shall be a lien upon the lands, lots, or portion of lots assessed, respectively, and such lien shall so continue until it and any bonds issued to represent the assessment are discharged of record." (Stats. 1941, ch. 79, § 1, p. 860.) In 1945 section 5372 was amended to read as follows: "The warrant, diagram and assessment shall be recorded in the office of the superintendent of streets. When so recorded the several amounts assessed shall be a lien upon the lands, lots, or portion of lots assessed, respectively, and unless sooner discharged such lien shall so continue for the period of four years from the date of said recordation, or in the event bonds are issued to represent said assessment, then such lien shall continue until the expiration of four years after the due date of the last installment upon said bonds or of the last principal coupon attached thereto." (Stats. 1945, ch. 354, § 1, p. 813.)[2]

Section 2911 of the Civil Code was also amended in 1945 to provide that the lien of a bond issued to represent a public improvement assessment shall "be presumed to have been extinguished at the expiration of four years after the due date of said bonds or of the last installment thereof or of the last principal coupon attached thereto, or on January 1, 1947, whichever is later. The presumptions mentioned in this paragraph shall be conclusive in favor of a bona fide purchaser for value of said property after such dates." Also in 1945 section 330 was added to the Code of Civil Procedure providing that where there is vested in a treasurer the power

---

[2]The section was again amended in 1951, adding: "and may be recorded at any hour of the calendar day" at the end of the first sentence. (Stats. 1951, ch. 1093, § 15, p. 2831.)

to sell at public auction after demand, *"and the act or law establishing such power fails to prescribe the time within which such official* may act, said official may sell at any time prior to the expiration of four years after the due date of said bond or of the last installment thereof or of the last principal coupon attached thereto, or prior to January 1. 1947, whichever is later, but not thereafter. This section is not intended to extend, enlarge or revive any power of sale which has heretofore been lost by reason of lapse of time or otherwise.'' (Italics added.)

In *Rombotis* v. *Fink*, 89 Cal.App.2d 378 [201 P.2d 588], it is said that the 1945 enactments of the Legislature ''disclose a complete revisory plan with reference to the duration and extinction of assessment liens. In addition to the enactment of sections 330 and 2911, above quoted, the Legislature amended the Assessment Bond Refunding Act of 1933, the Improvement Act of 1911, the Street Improvement Act of 1913, the Street Opening Act of 1903, the Street Opening Bond Acts of 1911 and 1921, and the Street Opening Act of 1889, to provide, generally, that the lien of bonds or assessments should expire four years from the date of the last installment, whereas theretofore these acts provided variously that the lien should continue 'until paid,' 'fully paid,' or provided no duration period. It also amended section 329 of the Code of Civil Procedure to provide a two-year limitation on liens arising under street improvement proceedings taken under other than state laws. In the amendments to the various improvement acts no reference is made to liens already in existence, but in sections 329 and 330 of the Code of Civil Procedure, and in section 2911 of the Civil Code, the Legislature made express and specific provision for the extinction of such liens. These enactments reflect a clear purpose to provide a definite statute of limitations as to all liens arising under special assessments.''

 We think it clear from a reading of section 5372 with the other 1945 amendments as indicated in Rombotis that it does not apply to liens already in existence on the date of its amendment, but that it applies only to liens thereafter created. As we shall see, the sale in the present case took place on December 23, 1946. The lien of the bond had not been extinguished on that date.

Section 6572 reads: ''If any sale of lands for delinquency in the payment of principal or interest of any bond is held

illegal or invalid, or any deed issued to the purchaser at any such sale is held illegal or invalid for any reason whatsoever, the lands described in the bond shall not be released from the lien of the assessment but shall be and remain subject to further proceedings for the enforcement of the assessment, and the further proceedings may include additional sales or the issuance of new deeds. In any event, however, the lien of the assessment shall continue only until a valid sale is had and a valid deed issued, or until the expiration of two years after such sale or deed is held illegal or invalid, whichever is sooner.'' ■ The lien of the assessment therefore continues until a valid sale is had but not longer than two years after the sale is held invalid. (*Hendershott* v. *Shipman,* 37 Cal.2d 190, 194 [231 P.2d 481] ; *cf. Raisch* v. *Myers,* 27 Cal.2d 773 [167 P.2d 198].)

Respondents argue that no sale was had and that therefore section 6572 is not applicable. As we have said, the court found that there is some doubt that a sale was had on December 23, 1946. It also found that a sale was had ''on or after December 23, 1946.'' The findings are not of a fact and are insufficient to support a conclusion that a sale was not had on December 23, 1946. The treasurer received the bond from Carpenter on November 22, 1946. He issued and delivered to Carpenter a certificate of sale. The certificate recites that the sale was had on December 23, 1946. There was no substantial evidence to the contrary.

In *Missler* v. *Sommer,* 92 Cal.App.2d 417 [206 P.2d 1116], demand for foreclosure was made on October 16, 1946. The sale by the city treasurer was had on May 16, 1947. The court held that since the demand was made prior to January 1, 1947, the lien was not extinguished under section 2911 or section 330. In *Hendershott* v. *Shipman,* 37 Cal.2d 190 [231 P.2d 481], a certificate of sale was issued by the city treasurer, dated May 31, 1946. On July 7, 1947, the treasurer issued a deed to the holder of the certificate. The court said (p. 194) : ''The trial court declared the validity of the certificate of sale and invalidity only as to the treasurer's deed. In such case section 6572 of the Streets and Highways Code indicates that the lien continues until a valid deed is issued but not for longer than two years after the deed was held void.'' In *Stafford* v. *Realty Bond Service Corp.,* 39 Cal.2d 797 [249 P.2d 241], the court stated (p. 804) : ''While it appears that the Legislature in 1945 undertook 'a complete revisory plan with reference to the duration and extinction of assess-

ment liens' (*Rombotis* v. *Fink, supra,* 89 Cal.App.2d 378, 384) so as to require the holders thereof to take timely action for enforcement of their liens, such legislation was held not to apply in extinguishment of an assessment lien on which sale proceedings had been commenced prior to the terminative date prescribed in the 1945 legislation—namely, January 1, 1947. (*Missler* v. *Sommer* [June 15, 1949], *supra,* 92 Cal. App.2d 417.) . . . However, such later legislation [enacted in 1949 and 1951 limiting the time within which a deed could be issued] brings into sharp focus the scope of the 1945 legislation as limited to a revision of the subject of the duration and extinguishment of assessment liens upon which no action or proceedings had been taken for their enforcement.''

The facts in *Elbert, Ltd.* v. *Clare,* 40 Cal.2d 498 [254 P.2d 20], were similar to those in the case at bar. The plaintiff claimed title by treasurer's deed after foreclosure of a bond authorized under the Improvement Act of 1911. The defendant claimed title through a tax deed. The trial court held that the treasurer's certificate of sale and deed were void because of the failure to comply with certain statutory requirements, but that the amount due on the plaintiff's bond and the amount paid for the defendant's tax deed constituted liens against the property, and that the liens were on a parity. Affirming the judgment the court, after quoting section 6572, stated (p. 501): ''This section clearly does not purport to limit the bondholder's right to the taking of further sale proceedings and the procurement of a new treasurer's deed, but rather provides such course as only an optional means for the enforcement of the assessment consistent with the continuance of the lien for the stated period.

''Upon the trial court's finding that plaintiff's foreclosure proceedings were ineffective and the treasurer's deed was therefore void, the lien of the unpaid bond continued (Sts. & Hy. Code, § 6572) and was subject to appropriate enforcement by plaintiff as the assignee of the purchaser at the invalid foreclosure sale. [Citation.] Partition is an equitable action, and in the disposition thereof the trial court will determine the interests of all parties involved so as to effect a complete adjudication of the controversy and avoid a multiplicity of suits. [Citations.] In such action the fact that plaintiff was not entitled to prevail on its claim of legal title under the foreclosure proceedings did not preclude the trial

court from declaring a lesser interest as the basis for granting appropriate relief. [Citations.] The established invalidity of the foreclosure proceedings and the treasurer's deed issued thereafter relegated plaintiff to the position of a holder of an unforeclosed bond lien. (Sts. & Hy. Code, § 6572.) The street improvement bond was in evidence and the amount due thereon appeared from the admitted record of the ineffective sale proceedings. Upon such basis the trial court computed the total sum owing on the unpaid bond as the lien indebtedness, and defendant at the trial made no objection as to the correctness of such computation. While from this evidence plaintiff was unable to prevail on its alleged claim of title to the property as a tenant in common with defendant, the precise origin, nature and extent of its equitable interest clearly appeared as the premise for relief in the trial court's adjustment of the rights of the parties. In short, the respective interests of both parties in the property were placed squarely in issue for disposition by the trial court, and the evidence showed that plaintiff was within the category of those authorized to sue for partition. [Citation.] Under these circumstances defendant unavailingly argues the variance between plaintiff's pleading and the evidence substantiating its right to the relief granted.

"As above noted, upon the finding of invalidity of the foreclosure proceedings and the treasurer's deed, the lien of the unpaid street improvement bond continued (Sts. & Hy. Code, § 6572), and the case was identical with the situation prevailing in *Elbert, Ltd.* v. *Nolan, supra,* 32 Cal.2d 610, 615 [197 P.2d 537]—a controversy involving the status of an unforeclosed bond lien as against a title interest under a tax deed. Having found the lesser interest in plaintiff [citation], the trial court properly concluded that plaintiff was entitled to partition. (Code Civ. Proc., § 752.) With the interested parties before the trial court, it would be an idle act for the court to require plaintiff to initiate new foreclosure proceedings, again obtain a treasurer's deed, and then file another action for partition. Defendant argues that unless plaintiff is required to renew foreclosure proceedings incident to the issuance of a proper certificate of sale (Sts. & Hy. Code, § 6572), defendant will be deprived of the statutory right of redemption of the property 'within 12 months from the date of purchase.' (Sts. & Hy. Code, § 6530.) But such statutory right cannot be said properly to apply here, for otherwise the provisions of the partition

statute, which afford relief to the holder of 'a lien on a parity with that on which the owner's title is based,' would be nullified. [Citations.] Rather here, having all the parties in this equitable action before it, the trial court properly determined their rights in accordance with the evidence and rendered judgment effecting a complete settlement of the litigation as authorized by statute.''[3] (See *Kipp* v. *Kipp,* 42 Cal.2d 724 [269 P.2d 1].)

Section 6572 of the Streets and Highways Code, section 2911 of the Civil Code, and section 330 of the Code of Civil Procedure are to be construed together. Section 6572 applies if a sale is held invalid. Sections 2911 and 330 apply if no action has been taken by the bondholder for enforcement prior to January 1, 1947. (*Stafford* v. *Realty Bond Service Corp.,* 39 Cal.2d 797 [249 P.2d 241].) To sustain respondents' contention would be to say that section 6572 is never of any force or effect since it is not operative if the sale is valid.

The court found that respondents were bona fide purchasers. Appellants argue that as a matter of law they were not. We agree. Respondents assert that because the certificate of sale was not recorded in the office of the county recorder they had no notice of the lien of the bond. Since Civil Code, section 2911, does not govern, the presumptions afforded by that section do not apply.

Ordinarily one is not a bona fide purchaser if he has constructive notice of an outstanding interest, and constructive notice is imparted to the public at large by the record of muniments of title. (*Wood* v. *American Nat. Bank,* 125 Cal.App. 248, 259-260 [14 P.2d 110]; Ballantine, *Law Dictionary with Pronunciations,* pp. 162, 1053; *Miller* v. *Hicken,* 92 Cal. 229, 232 [28 P. 339]; *Kent* v. *Williams,* 146 Cal. 3, 8 [79 P. 527]; *Rogers* v. *McCartney,* 3 Cal.App. 34 [84 P. 215]; *Arnold* v. *Universal Oil Land Co.,* 45 Cal.App. 2d 522, 531 [114 P.2d 408].) At the time the bond was issued section 23 of the Improvement Act of 1911 provided that the warrant, diagram, and assessment shall be recorded in the office of the superintendent of streets, and after re-

---

[3]The opinion in *Elbert, Ltd.* v. *Clare,* does not disclose the due date of the bond or the date the certificate of sale was issued or the date the treasurer's deed was issued. We have examined the record and find that the bond was due and became delinquent on January 2, 1938, the certificate of sale was issued November 30, 1946, and the treasurer's deed was issued January 7, 1948.

318

cordation "all persons shall be deemed to have notice of the contents thereof." (Stats. 1927, ch. 745, § 1, p. 1407; now Sts. & Hy. Code, § 5373.) There is no claim that the warrant, diagram, and assessment were not recorded in the office of the superintendent of streets. (See Sts. & Hy. Code, § 6427.) The act required that the record of the street assessments be kept in the office of the superintendent of streets, and that a record of the bonds issued to represent such assessments be kept in the office of the city treasurer. (Stats. 1911, ch. 397, §§ 23, 37, 60, 66, pp. 744, 750, 758, 760; now Sts. & Hy. Code, §§ 5372, 5680, 6425, 6445.) Section 37 (now Sts. & Hy. Code, § 5680) provided that the records kept by the superintendent of streets "shall have the same force and effect as other public records, and . . . shall, during all office hours, be open to inspection of any person wishing to examine them, free of charge." ■ Once the assessment has been recorded in a proper book, it operates to give constructive notice of its contents. (See *Federal Construction Co.* v. *Curd,* 179 Cal. 479 [177 P. 473].) ■ Where bonds have been issued, the holder of a bond becomes a lienholder of record. (*Castle* v. *Schulman,* 32 Cal.2d 222 [195 P.2d 781].) In *District Bond Co.* v. *Pollack,* 19 Cal.2d 304 [121 P.2d 7], it was held that the assessment represented by a bond issued under the Improvement Act of 1911 created a lien against the property binding on all subsequent owners, and that a subsequent purchaser acquired the property subject to an assessment lien already existing against it. Implicit in the reasoning of the court in *Elbert, Ltd.* v. *Clare, supra,* 40 Cal.2d 498, is the conclusion that respondents were not bona fide purchasers.

■ We hold that the lien of the assessment continues for two years after the judgment in this suit decreeing the sale invalid becomes final; and that it was a matter of public record, charging defendants with constructive notice thereof at the time they acquired the tax deed on February 18, 1948. (*Thibodo* v. *United States,* 9 Cir., 187 F.2d 249.)

The court was right in concluding that the validity of the bond was not affected by the sale and that the property continued to remain subject to the lien of the bond. It was in error in concluding that the Harts were bona fide purchasers and that by reason of their purchase the lien of the bond was extinguished. ■ Appellants' lien stands on a parity with defendants' tax deed, and the holders thereof

have the right to enforce their respective equitable liens against the property. (See *Elbert, Ltd.* v. *Nolan,* 32 Cal.2d 610, 618-619 [197 P.2d 537].)

Reversed.

Shinn, P. J., and Wood (Parker), J., concurred.

The petition of defendants and respondents for a hearing by the Supreme Court was denied December 22, 1954.