[Civ. No. 23037. Third Dist., Nov. 20, 1984.]

TERRENCE SHIPPEN et al., Plaintiffs and Respondents, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

1120

COUNSEL

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, and Susan P. Underwood, Deputy Attorney General, for Defendant and Appellant.

Paul H. Greisen for Plaintiffs and Respondents.

OPINION

**REGAN, Acting P. J.**—Defendant Department of Motor Vehicles (DMV) appeals from the judgment which permanently enjoined DMV from withholding from plaintiffs copies of certain records after plaintiffs' payment of the actual cost of providing such copies. We reverse.

FACTS

Plaintiff Realty Information Systems is a California nonprofit corporation interested in obtaining computer records of vehicle registration information. Plaintiff Terrence Shippen is the president of that company. DMV maintains computerized registration records of California vehicles.

In July 1982 plaintiffs requested a copy of DMV's registered owners file on data processing tape, pursuant to the California Public Records Act, Government Code section 6250 et seq. Plaintiffs offered to pay the actual costs of copying in accordance with a breakdown of charges to be provided by DMV. DMV refused to provide the file unless plaintiffs paid $30 per thousand records, which plaintiffs believed exceeded the actual cost of duplication.

On November 1, 1982, plaintiffs filed their complaint for injunctive relief and also filed a petition for unspecified relief. After the trial court signed an order to show cause, DMV answered plaintiffs' complaint and petition. DMV alleged that, pursuant to statutory authority, it had established the fee for bulk information requests from commercial enterprises, and that the fee effective January 1, 1982, was $30 per thousand.

Following a hearing, the court filed a memorandum of tentative decision. Interpreting Government Code section 6257 and Vehicle Code section 1811, the court held the former prevailed over the latter, precluding DMV from charging plaintiffs more than the actual cost of providing records. The court also determined that the actual cost of providing the file was 78 cents per thousand. In its statement of decision, the court reaffirmed the findings contained in its tentative decision, and entered judgment accordingly.

DISCUSSION

The California Public Records Act, Government Code[1] section 6250 et seq., begins with a broad statement of intent: "[¶] In enacting this chapter,

---

[1]All further statutory references, unless otherwise indicated, are to the Government Code.

the Legislature, mindful of the right of individuals to privacy, finds and declares that access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state." (§ 6250.) The Act, enacted in 1968, applies to, among others, state agencies such as DMV. (§ 6252, subd. (a).) Public records include ". . . any writing containing information relating to the conduct of the public's business prepared, owned, used, or retained by any state . . . agency regardless of physical form or characteristics. . . ." (§ 6252, subd. (d).) Magnetic or paper tapes, magnetic or punched cards, discs, drums, and other documents are included in the statutory definition of a writing. (§ 6252, subd. (e).)

The Act charged DMV and other agencies with the task of establishing guidelines for accessibility of records. (§ 6253, subd. (a).) Anyone may receive a copy of a public record (§ 6256), and ". . . each state . . . agency, upon any request for a copy of records, which reasonably describes an identifiable record, or information produced therefrom, shall make the records promptly available to any person, upon payment of fees covering direct costs of duplication, or a statutory fee, if applicable. . . ." (§ 6257.) Under the Act, individuals and corporations such as plaintiffs may institute proceedings for injunctive relief to enforce their statutory rights (§§ 6252, subd. (c), 6258), and the trial court must on a proper showing issue an order to show cause. (§ 6259.)

Vehicle Code section 1811 provides: "[¶] The department may sell copies of all or any part of its records at a charge sufficient to pay at least the entire actual cost to the department of the copies, the charge for the records and the conditions under which they may be sold to be determined by the director." This statute was enacted in 1959. Since its enactment, DMV has consistently charged fees in excess of actual cost.

▮ DMV contends the trial court erred in ruling that section 6257 prevailed over Vehicle Code section 1811. According to DMV, Vehicle Code section 1811 contains a statutory fee in its delegation to the director of the authority to determine the charge for duplication of records. Since that statute prescribes a statutory fee, DMV urges section 6257 is inapplicable by its own terms. Alternatively, DMV claims Vehicle Code section 1811 as the more specific provision prevails over the more general section 6257.

The court's decision that section 6257 prevailed was based on three grounds. First, the court noted that the California Public Records Act was enacted nine years after Vehicle Code section 1811. Second, the Act applies to all state agencies (§ 6252, subd. (a)) and is directed specifically at DMV by section 6253, subdivision (a). Third, the court ruled that section 6257

prevailed by its own terms, whether or not Vehicle Code section 1811 prescribed a statutory fee.

This case appears to be one of first impression in California. We are unable to find any decision construing either section 6257 or Vehicle Code section 1811. Such statutory interpretation is solely a question of law. (*Killian* v. *City and County of San Francisco* (1978) 77 Cal.App.3d 1, 7 [143 Cal.Rptr. 430].)

■ If the language of a statute is clear and unambiguous, statutory construction is unnecessary. (*Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148].) When the language of a provision is free of ambiguity, it must be given its plain meaning. Rules of statutory interpretation are applied only where ambiguity or conflict exists, or where a literal construction would lead to absurd results. (*Castaneda* v. *Holcomb* (1981) 114 Cal.App.3d 939, 942 [170 Cal.Rptr. 875].)

■ Here, there is a potential conflict between section 6257 and Vehicle Code section 1811, as well as ambiguity surrounding the meaning of "statutory fee." ■ Accordingly, we are compelled to engage in statutory construction, giving words their usual, ordinary, and common sense meaning based on the language the Legislature used and the apparent purpose for which the statute was enacted. (*In re Rojas* (1979) 23 Cal.3d 152, 155 [151 Cal.Rptr. 649, 588 P.2d 789].) We ". . . ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].)

Former section 6257 limited fees for copies of records to the actual cost or a statutory fee, if any, whichever was less. Effective January 1, 1982, the Legislature repealed section 6257 and added new section 6257 to provide that an applicable statutory fee could be charged. The trial court apparently relied on the former statute, ruling that plaintiffs must pay only the actual cost under section 6257, which was less than what DMV had determined to be the appropriate fee. Under that analysis, Vehicle Code section 1811 simply was inapplicable.

■ We apply current section 6257 to the instant case. If Vehicle Code section 1811 does prescribe a statutory fee, then section 6257 is inapplicable by its own terms. The dispositive issue, then, is whether the language of Vehicle Code section 1811 provides for a statutory fee.

We are unable to find a definition of "statutory fee" in the law, nor have we found the phrase in any statute other than section 6257. ■ Statutes establishing fees in specific monetary amounts are common in California

law. For example, the Secretary of State is authorized to charge specified fees for filing certain documents (§ 12180 et seq.), county sheriffs must charge certain fees for their services (§ 26720 et seq.), county clerks collect different fees for filing various papers in court (§ 26820 et seq.), and the amount of witness fees is established by statute. (§ 68093.)

We construe the above fees as "statutory fees." Besides those statutes, the Legislature has enacted laws which, although they do not contain specific dollar amounts, permit some body to assess and charge fees. For example, various statutes authorize the award by a court of attorney's fees to the prevailing party. (Civ. Code, § 1717; Code Civ. Proc., § 1021 et seq.) Cities and counties may charge reasonable fees for street and highway inspections (§ 6103.6) and for building construction inspections and plan-checking services. (§ 6103.7.)

■ Vehicle Code section 1811 authorizes the director of DMV to determine the charge for records and the conditions under which they may be sold. By its terms, the statute permits charges in excess of actual cost to DMV. The record discloses DMV has charged in excess of actual cost since the statute's enactment. The fee was raised from $1 per thousand to $7 per thousand, then increased to $25 per thousand in 1970, and in 1982 DMV raised the fee to $30 per thousand.

■ Is Vehicle Code section 1811 a "statutory fee," as that term is used in section 6257? We hold that it is. ■ We must construe statutes which relate to the same subject matter together and harmonize them whenever possible. (*County of Placer* v. *Aetna Cas. etc. Co.* (1958) 50 Cal.2d 182, 188-189 [323 P.2d 753].) ■ When the Legislature enacted the Public Records Act, we assume it was aware of Vehicle Code section 1811 and intended to maintain a consistent body of statutes. (*Stafford* v. *Realty Bond Service Corp.* (1952) 39 Cal.2d 797, 805 [249 P.2d 241].) Absent evidence the two statutes cannot operate concurrently, or that the intent of section 6257 was to supersede Vehicle Code section 1811, we must presume against a repeal by implication. (*Hays* v. *Wood* (1979) 25 Cal.3d 772, 784 [160 Cal.Rptr. 102, 603 P.2d 19].)

■ Construing section 6257 to provide for a statutory fee such as that found in Vehicle Code section 1811 is a reasonable interpretation which maintains the functional integrity of both statutes. Section 6257 does not expressly modify, repeal or even mention Vehicle Code section 1811. Nor do we find any inherent conflict or disharmony in the statutes. Therefore, we hold Vehicle Code section 1811 is reconcilable with section 6257, and applies here by its own terms.

Our conclusion is buttressed by DMV's history of charges exceeding actual cost. These charges were based on DMV's own criteria. ■ Construction of a statute by those charged with its administration is entitled to great weight. (*Morris* v. *Williams* (1967) 67 Cal.2d 733, 748 [63 Cal.Rptr. 689, 433 P.2d 697]; *City and County of San Francisco* v. *State of California* (1978) 87 Cal.App.3d 959, 967 [151 Cal.Rptr. 469].) Moreover, a 1970 report prepared by the Legislative Analyst for the Joint Legislative Budget Committee recommended that DMV raise the fee for bulk information from $7 per thousand to $25 per thousand, even though the actual cost previously had been only $1 per thousand. If that were done, the report recommended a budget reduction to reflect the increase in revenue.

■ While not dispositive, we may properly consider such an extrinsic aid to help determine legislative intent. (*Friends of Mammoth* v. *Board of Supervisors* (1972) 8 Cal.3d 247, 258-259 [104 Cal.Rptr. 761, 502 P.2d 1049]; *Noroian* v. *Department of Administration* (1970) 11 Cal.App.3d 651, 655 [89 Cal.Rptr. 889].) ■ One plausible inference from the Legislative Analyst's report is that DMV was already authorized by statute, by Vehicle Code section 1811, to increase the fee for duplication without further legislative authorization. Since, at the time of the report, the Public Records Act already had been enacted and the Legislature had passed no new legislation on the matter of fee increases, we presume the Legislature intended DMV to continue to have the authority to act as it did.

We are unable to find any other fees fixed by statute for the obtaining of public records. Nor has either party suggested any other such fee. The absence of other fees lends some support to our interpretation of section 6257 and our conclusion that Vehicle Code section 1811 does provide for a statutory fee. The Legislature must have had *some* fee in mind when it provided for the "statutory fee" exception in section 6257.

Plaintiffs suggest Vehicle Code section 1811 should not be construed to permit a fee in excess of the actual cost for the records in light of the policy of the Public Records Act favoring disclosure and broad access to public records.

■ We agree with plaintiffs that access to information under the Act is a fundamental right to which all are entitled. But plaintiff Realty Information Systems, although allegedly a nonprofit corporation, is in the business of buying bulk information, which it uses to perform research services and sells to other businesses for commercial purposes. Thus, far from seeking DMV records for the purpose of staying informed about the conduct of the people's business, as the Act states (§ 6250), plaintiffs want names, addresses and vehicle registration information in order to sell lists to others.

Nowhere does the Act intimate that access to bulk records by commercial users may not be circumscribed by reasonable conditions regarding format and price. We are not persuaded that charges in excess of actual cost by DMV will unduly impede plaintiffs' access to DMV's records or violate the spirit of the Act. Plaintiffs do not contend DMV's fee of $30 per thousand is an abuse of the agency's discretion.

██ We hold the trial court erred as a matter of law in ruling that section 6257 prevailed over Vehicle Code section 1811 and that DMV could not charge plaintiffs more than the actual cost of providing a copy of the file requested. In light of this disposition, we need not consider DMV's contention that the court erred in finding the actual cost was 78 cents per thousand records.

The judgment is reversed and the cause remanded with instructions to enter judgment for DMV in accordance with this opinion.

Carr, J., and Mering, J.,* concurred.

A petition for a rehearing was denied December 17, 1984, and respondents' petition for a hearing by the Supreme Court was denied February 13, 1985. Bird, C. J., was of the opinion that the petition should be granted.

---

*Assigned by the Chairperson of the Judicial Council.