[No. A036326. First Dist., Div. Three. July 9, 1987.]

KEITH ALAN MAYO, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

---

**COUNSEL**

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, Mary C. Michel and Victor D. Sonenberg, Deputy Attorneys General, for Defendant and Appellant.

John W. Noonan for Plaintiff and Respondent.

OPINION

WHITE, P. J.—

I

*Background*

This appeal arises from an order of the Department of Motor Vehicles (DMV) revoking the driver's license of respondent Keith Alan Mayo for a one-year period pursuant to Vehicle Code section 13352.3,[1] because of a conviction for driving under the influence of alcohol while under 18 years of age. Section 13352.3, subdivision (a), provides in pertinent part: "... the department shall immediately revoke the privilege to operate a motor vehicle of any person upon [a] showing that the person was convicted of a violation of Section 23152 or 23153 [driving under the influence] while under 18 years of age, ..." Subdivision (b) of section 13352.3 provides that "[t]he term of revocation shall be until the person reaches 18 years of age, for one year, or for the period prescribed ... in subdivision (a) of Section 13352, whichever is longer...."

In response to the order of revocation, respondent filed in the superior court a petition for writ of mandamus to set aside the order. Respondent argued that although the drunk driving offense occurred while he was under 18 years of age, he was not convicted of the offense until after he reached 18. Respondent contended that section 13352.3 applies only to persons who suffer a drunk driving *conviction* before 18 years of age. The trial court agreed and issued a judgment granting a writ setting aside the DMV order. Appellant DMV appeals.

II

*Discussion*

The sole issue on appeal is the interpretation of the following statutory language of section 13352.3, subdivision (a): "... *the person was convicted of a violation of Section 23152 or 23153 while under 18 years of age,* ..." (Italics added.) Appellant contends that the statute refers to a person who committed a drunk driving violation while under 18 years of age, regardless of when he was convicted of the violation.

We agree with appellant that the statute on its face is ambiguous because it is "reasonably susceptible of two disputed meanings." (*Swift* v. *County of*

---

[1] All further statutory references are to the Vehicle Code unless otherwise indicated.

*Placer* (1984) 153 Cal.App.3d 209, 214 [200 Cal.Rptr. 181].) The statute reasonably can be interpreted as referring to a person who (1) commits a "violation" while under 18 years of age, or (2) who is "convicted" while under 18 years of age. Because of the ambiguity, we may resort to the canons of statutory construction to ascertain the intent of the Legislature in enacting the statute. (*Shippen v. Department of Motor Vehicles* (1984) 161 Cal.App.3d 1119, 1124 [208 Cal.Rptr. 13]; see generally 58 Cal.Jur.3d, Statutes, §§ 86, 96, pp. 438, 458.)

■ The first canon pertinent here is the well-established " 'last antecedent rule,' " whereby qualifying words, phrases, and clauses are to be applied to the words or phrases immediately preceding them and not to words or phrases more remote. (*White v. County of Sacramento* (1982) 31 Cal.3d 676, 680 [183 Cal.Rptr. 520, 646 P.2d 191]; *Board of Port Commrs. v. Williams* (1937) 9 Cal.2d 381, 389 [70 P.2d 918].) Following this rule, the phrase "while under 18 years of age" pertains to and qualifies the word "violation," which immediately precedes the phrase, rather than the more remote word "convicted." Accordingly, the statute refers to a person who commits a violation while under 18 years of age.

■ A second fundamental rule of statutory construction pertinent here is that a court must adopt a construction which effectuates the purpose which the Legislature has sought to promote in enacting the statute. (*Select Base Materials v. Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672]; *Fahlgren v. Department of Motor Vehicles* (1986) 186 Cal.App.3d 930, 938 [231 Cal.Rptr. 229].) The legislative purpose of section 13352.3 was discussed in *In re Arthur W.* (1985) 171 Cal.App.3d 179 [217 Cal.Rptr. 183]. There the statute was challenged on due process and equal protection grounds because it prescribes minimum periods of license revocation for persons under 18 years of age which are longer than the minimum periods of restriction, suspension, or revocation imposed upon adults convicted of the same offense. (*Id.,* at p. 185.) The court, in upholding the statute, reviewed the legislative history and purpose of the statute, and found: "Section 13352.3 appears rationally designed to promote the legislative goal of reducing the number of fatal and injury motor vehicle traffic accidents because it targets for longer periods of license revocation the class of intoxicated drivers under 18 years of age—a group which is responsible for a disproportionate share of fatal and injury accidents by comparison to the class of intoxicated drivers 18 years of age or older." (*Id.,* at p. 188.) The court further noted that proponents of the statute had argued " '... that driving while under the influence is a more serious crime for minors in that drinking itself is illegal for persons under 21 and that a driver's license for persons under 18 years of age is a special privilege.' " (*Id.,* at p. 187, citing

Assem. Com. on Crim. Law and Pub. Saf. Rep. on Assem. Bill No. 624 as amended Apr. 4, 1983 (1983 Reg. Sess.).)

█ Thus, a purpose of the statute is to impose a greater penalty upon an intoxicated driver under 18 years of age than is imposed upon an adult, and not solely to remove from the streets intoxicated drivers under 18 years of age. Such purpose is consistent with a primary purpose of the suspension of drivers' licenses—to serve as a "method of persuasion" to deter persons from driving while intoxicated and thereby reduce the destructive results of drunk driving. (See *Hough* v. *McCarthy* (1960) 54 Cal.2d 273, 285 [5 Cal.Rptr. 668, 353 P.2d 276].) █ Accordingly, the factor determinative of whether section 13352.3 applies is the driver's age at the time he or she drives while intoxicated. A contrary construction of the statute would impede the legislative goal in enacting the statute, because minors would be able in many cases to avoid the strict penalty by causing the deferral of the date of conviction until after they reached 18.

For the foregoing reasons, we conclude that section 13352.3 applies to persons who commit a drunk driving violation while under 18 years of age and are subsequently convicted of such a violation, and that the date of the conviction is not determinative of the applicability of the statute. The trial court's construction of the statute therefore was incorrect.

### III

*Disposition*

The judgment is reversed, and the superior court is directed to enter a judgment denying the writ.

Scott, J., and Barry-Deal, J., concurred.