[Civ. No. 11357. Fourth Dist., Div. One. Feb. 15, 1973.]

STATEWIDE HOMEOWNERS, INC., Plaintiff and Appellant, v. ELDON C. WILLIAMS, as County Assessor, etc., Defendant and Respondent.

568

## COUNSEL

H. L. Young for Plaintiff and Appellant.

Robert G. Berrey, County Counsel, and Lawrence Kapiloff, Deputy County Counsel, for Defendant and Respondent.

## OPINION

**AULT, Acting P. J.**—Denied permission to inspect certain documents and records in the San Diego County Assessor's Office, Statewide Homeowners, Inc. (Statewide) petitioned for a writ of mandate in the superior court seeking an order compelling the assessor to permit the inspection. The superior court found the assessor was not required by law to keep or prepare the documents and records which Statewide sought to inspect and ruled they were not open to public inspection under the provisions of section 408, subdivision (a), of the Revenue and Taxation Code. Statewide has appealed from the judgment denying the writ.

The facts are not disputed. The record on appeal is contained in the clerk's transcript and includes an agreed statement of fact, the trial court's memorandum opinion, the findings of fact and conclusions of law, and the judgment.

Statewide asserts it is attempting to conduct an independent check of the assessment process in San Diego County and wants to compare market

values of real property, as reflected in recent sale prices, with the assessed values actually assigned to the properties on the next assessment roll. Statewide claims the task is difficult because the assessment roll is arranged in parcel number sequence, according to numbers which have been assigned to the property by the assessor. It concedes it is possible to ascertain the tax roll parcel number for a given legal description by using the many indexes and records available to the public at the assessor's office, but contends it would be extremely time consuming and burdensome to make the correlation for the several thousand recent deeds and conveyances necessary to complete its general study.

The assessor's employees have already done this same work during the preparation of the Secured Assessment Roll, and the results of their labors are stored in files referred to as the "Final File" and the "Cut Document File." These files contain photocopies of deeds and other documents affecting property ownership which are matters of public record and open to public inspection at the county recorder's office.[1] However, they have been processed by the records division of the assessor's office and each one bears a notation as to the parcel number of the property affected by that particular document. The documents which require the assignment of a new parcel number (i.e., a subdivision or lot split) are stored, when not in use, in the "Cut Document File" and are kept for an indefinite period; the remaining documents are stored, when not in use, in the "Final File" and are discarded annually sometime after the end of the assessment year. The documents are arranged in parcel number sequence. Consequently, if Statewide could inspect them, it could easily identify the sales transactions and list them in parcel number sequence for ready comparison with the Secured Assessment Roll.

## DISCUSSION

█ Under the California Public Records Act (Gov. Code, § 6250 et seq.), citizens are given the right to inspect any public record[2] except one the disclosure of which is exempted by the provisions of section 6254. Subdivision (k) of section 6254, in turn, broadly exempts from public

---

[1]The assessor subscribes to a service provided by Security Title Insurance Company for which he receives 5″ x 7″ copies of all deeds and other instruments affecting title to real property which are recorded at the county recorder's office. Approximately 1,000 such documents are received each day.

[2]Public records are broadly defined to include "any writing containing information relating to the conduct of the public's business prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics." (Gov. Code, § 6252, subd. (d).)

inspection "[r]ecords the disclosure of which is exempted or prohibited pursuant to provisions of federal or state law. . . ."

The Revenue and Taxation Code specifically requires the assessor to prepare and keep certain records: county maps (Rev. & Tax. Code, § 327); records relating to claims for exemptions (Rev. & Tax. Code, §§ 251, 252, 254); certain property tax statements (Rev. & Tax. Code, § 441); an assessment roll containing certain specified information (Rev. & Tax. Code, §§ 601, 602); and an index to the roll (Rev. & Tax. Code, § 615). It also specifically provides in subdivision (a) of section 408: ". . . any information and records in the assessor's office which are not required by law to be kept or prepared by the assessor *are not public documents and shall not be open to public inspection.*" (Italics added.)

Statewide contends the assessor's claim, and the superior court's finding, that the documents in the "Final File" and the "Cut Documents File" are not records which the law requires the assessor to prepare and keep are in error. Since the documents in both files are essential to the performance of the assessor's statutory duties, i.e., preparation of the assessment roll and the county property maps, it argues the law requires the assessor to prepare the documents in the files.

Such a narrow interpretation of the exemption provided by the code section would render the section meaningless. If all of the information and papers accumulated and used by the assessor in the process of preparing the records which the law requires him to prepare and keep are themselves to be regarded as records he is required to prepare and keep, then every paper in his office would fall into the category.

We find no provision in the law which requires the assessor to subscribe to the deed service, to make the parcel number notations on the deeds or to maintain them in the files Statewide seeks to inspect. The documents are the working papers by which the assessor updates the assessment roll and the county property maps which the law requires him to prepare and keep and make available for public inspection. But the fact the assessor uses the deeds to prepare and update the annual assessment roll and the county property maps does not make the deeds themselves records which the law requires him to prepare and keep.

Statewide points out the records it seeks to inspect do not contain confidential information and argues the exemption provided by Revenue and Taxation Code section 408, subdivision (a), should not be applied to prohibit inspection of documents which do not contain confidential information. The confidential nature of information contained in publicly held

documents is a proper basis for exemption from public disclosure, but it does not necessarily follow it is the only proper basis for exemption. In any event, the statute under consideration places exemption from public inspection on the fact the law does not require the records to be kept, *not* upon confidentiality. Statewide makes no claim the statute is unconstitutional. If the section gives broader exemption to the assessor's records than is accorded generally to other public records by the Public Records Act, the cure lies in amendment of the statute by the Legislature and not in a strained and unrealistic interpretation of its provisions.

Pursuant to Evidence Code section 459, we have called to the parties' attention that Revenue and Taxation Code section 11911.1 and San Diego County Ordinance No. 3801 [New Series] (§ 22.312.1 of the San Diego County Code) were adopted while this appeal was pending. As of January 1, 1972, the combined effect of the statute and ordinance is to require assessor's parcel numbers on all deeds and conveyances before they can be accepted for recording by the San Diego County Recorder. While this requirement does not make the issues raised by the appeal moot, it does much to alleviate the problems and difficulties about which Statewide complains.

The judgment is affirmed.

Cologne, J., and Coughlin, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.