[No. A030893. First Dist., Div. Two. July 28, 1987.]

GENERAL AMERICAN TRANSPORTATION CORPORATION,
Plaintiff and Respondent, v.
STATE BOARD OF EQUALIZATION, Defendant and Appellant.

## COUNSEL

John K. Van de Kamp, Attorney General, Timothy G. Laddish and Calvin J. Abe, Deputy Attorneys General, for Defendant and Appellant.

Weyman I. Lundquist, Jeffrey A. Leon and Heller, Ehrman, White & McAuliffe for Plaintiff and Respondent.

## OPINION

**SMITH, J.**—We decide in this case that Revenue and Taxation Code section 11655, which requires the State Board of Equalization (board) to hold secret all "business affairs" information and records reported to it by taxpayers in reassessment proceedings under the private railroad car tax law (PRCTL) (Rev. & Tax. Code, § 11201 et seq.), means that reassessment hearings must be closed to the public where needed to preserve that confidentiality. Accordingly, we affirm a superior court judgment granting writ of mandate against the public disclosure of information submitted by General American Transportation Corporation (General American), respondent taxpayer in this appeal by the board.

### BACKGROUND

Pursuant to the PRCTL, the board annually assesses, levies and collects an ad valorem tax on private railroad cars owned by General American and operated in California. (Rev. & Tax. Code, §§ 11251-11252, 11291-11294, 11401-11407; all further section references are to that code unless otherwise indicated.) General American has to file a report each year containing financial information for the board to use in making annual assessments. (§ 11271.)

This action stems from reassessment proceedings begun in 1983. General American filed its report for that year, received notice of the board's assess-

ment, and then timely petitioned for reassessment. (§§ 11338-11340.) The board held an evidentiary hearing on January 4 and 5, 1984.

The particular controversy on this appeal involves several documents submitted and discussed at the hearing. Of concern are General American's 1983 annual report (the tax return), a group of documents submitted by the board's staff (the staff workpapers), an appraisal report prepared for General American by a consulting firm (the appraisal report), and an addendum to the report showing supporting data (the addendum). The staff workpapers contained financial information from the tax return; the appraisal report contained the consultants' cash-value appraisal of some 56,000 railroad cars; and the addendum contained projections of income, expenses, interest costs and depreciation through the year 1991.

General American objected at the hearing to public disclosure of the documents. After considering a request by General American that the record be sealed, the board opted to wait for legal advice from its chief counsel. In the meantime, it ordered the hearing closed and the record sealed. Chief counsel ultimately recommended that the record remain sealed only as to information that qualified as trade secrets.

The board adopted the recommendation on April 4, 1984, but ordered that the record remain sealed for another 15 days to allow time for judicial review. General American petitioned the superior court for administrative mandate (Code Civ. Proc., § 1094.5) within that time, and an alternative writ and stay issued.

This appeal by the board is from an amended order granting peremptory writ of mandate after a hearing. It directs issuance of a writ directing the board to set aside its April 4, 1984, order and enjoining disclosure of the documents or the transcript of the reassessment hearing. The court determined that unsealing the documents or the transcript would disclose General American's "business affairs," in violation of the PRCTL (§ 11655), and reveal privileged trade secrets as well.

### APPEAL

 The essence of the parties' disagreement is whether section 11655, which generally requires the board to keep any submitted information and documents relating to a taxpayer's "business affairs" secret, applies in reassessment proceedings so as to override the general policy of this state, expressed in statute, that agency records and hearings be kept open.

Subdivision (a) of section 11655 states, "Except as provided herein, *all information and records relating to the business affairs of persons required to report to the board pursuant to this part [the PRCTL] shall be held secret by the board.*" (Italics added.) Only two exceptions are stated, and neither one applies here. Subdivision (b) allows disclosure to law enforcement agencies, grand juries, and certain authorized state legislative and administrative officials; and subdivision (c) allows disclosure to taxing agencies of other states, provided that a written agreement with those agencies limits disclosure to tax administration purposes. The board conceded below that the documents at issue here all contained information about General American's business affairs and that General American was required to report such information under the PRCTL. Thus, if section 11655 governs, the superior court's judgment must stand.

The board argues that the protection of section 11655 is lost once matters are placed in the record at a reassessment hearing. At that point, it is urged, public disclosure is governed by the Bagley-Keene Open Meeting Act (Open Meeting Act) (Gov. Code, § 11120 et seq.) and the California Public Records Act (Public Records Act) (*id.,* § 6250 et seq.), which provide protection for trade secrets (*id.,* § 6254, subd. (k); Evid. Code, § 1060) but not for all "business affairs" matters.

■ We disagree. Both the Open Meeting Act and the Public Records Act accommodate section 11655's protections.

Under the Public Records Act, "citizens are given the right to inspect any public record except one the disclosure of which is exempted by the provisions of [Government Code] section 6254. Subdivision (k) of [that section], in turn, broadly exempts from public inspection '[r]ecords the disclosure of which is exempted or prohibited pursuant to provisions of federal or state law. . . .'" (*Statewide Homeowners, Inc.* v. *Williams* (1973) 30 Cal.App.3d 567, 569-570, fn. omitted [106 Cal.Rptr. 479]; see generally *San Gabriel Tribune* v. *Superior Court* (1983) 143 Cal.App.3d 762, 771-773 [192 Cal.Rptr. 415].)

Quite obviously, section 11655 is a state law which prohibits disclosure of the sort of documents at issue here. It states plainly that "all information and records relating to the business affairs of persons required to report to the board pursuant to [the PRCTL] shall be held secret . . . ."

The Open Meeting Act follows suit, incorporating the same exemption by reference. Government Code section 11125.1 provides that a broad range of "writings" considered at public meetings are "public records" under the

Public Records Act that must be made available, but adds, "[T]his section shall not include any writing exempt from public disclosure under [Government Code] Section 6253.5, *6254,* or 6254.7." (Italics added.)

In our view, the foregoing statutes are dispositive. If "business affairs" information and records under the PRCTL are exempt from disclosure under both acts, then it makes no sense that reassessment hearings at which those very matters are discussed can be held open to the public.

Nevertheless, relying on a PRCTL amendment effected after the January 1984 hearing in this case, the board makes precisely that argument. Legislation enacted in 1984 and effective January 1 of 1985 (Stats. 1984, ch. 678, § 40, p. 2517; Cal. Const., art. IV, § 8, subd. (c)(1); Gov. Code, § 9600, subd. (a)) added section 11342 to the PRCTL. It states: "A petitioner may request the board to close to the public a portion of the hearing by filing a declaration under penalty of perjury that evidence is to be presented which relates to trade secrets, the disclosure of which will be detrimental to the business interests of the owner of the trade secrets. If the board grants the request, only evidence relating to the trade secrets may be presented during the time the hearing is closed." The section appears in article 5 of the PRCTL, governing reassessments. (§§ 11336-11342.)

The board finds section 11342 significant in two respects. First, the section lays out a procedure for closing hearings in limited circumstances where trade secrets are at stake yet does not mention the much broader class of "business affairs" matters encompassed by section 11655, one inference being that closed hearings are perhaps authorized *only* for trade secrets. Second, if the PRCTL already envisioned closed hearings for "business affairs," then a special provision for trade secrets would seem unnecessary and redundant. The board suggests that we harmonize the two sections with a rule that "once information and records previously submitted to the [b]oard are included in a hearing record on a petition for reassessment, they are then governed by a new set of rules of disclosure."

We decline to do that.

This case concerns board action taken in January 1984, before section 11342 existed. As shown above, the law at that time clearly called for confidentiality of all "business affairs" information and records, and any change that may have occurred in 1985 is simply not relevant.

.

Moreover, we are not convinced that the law has changed since then. The addition of section 11342 does seem *on the surface* to create the anomaly the board has pointed out, and the board's proposed rule would be one way to resolve the apparent problem. ■ This court is bound to adopt any reasonable construction of conflicting statutes that gives effect to both, whenever possible, the reason being that the Legislature presumably does not indulge in idle acts. (*Stafford* v. *Realty Bond Service Corp.* (1952) 39 Cal.2d 797, 805 [249 P.2d 241].)

However, the parties have overlooked an important related amendment brought about by the same legislation that created section 11342. Government Code section 11126, part of the Open Meeting Act, lists numerous exemptions from the open meeting requirement and is a frequent subject of amendment. The 1984 legislation amended subdivision (x) of that section by adding this language (italicized): "Nothing in this article shall be construed to prevent the State Board of Equalization from holding closed sessions . . . *for the purpose of hearing confidential taxpayer appeals or data the public disclosure of which is prohibited by law.*" (Stats. 1984, ch. 678, § 1, p. 2493.) The added language is now subdivision (x)(2) of the section. (Stats. 1985, ch. 1091, § 1.)

The amendment leaves no room for the board's arguments that closed hearings under the PRCTL are authorized only for trade secrets or that once-confidential matters lose their protection at a reassessment hearing. The language encompasses far more than trade secrets and, of course, expressly applies to hearings.

■ We hold that section 11655 requires the board to prevent public disclosure of a taxpayer-petitioner's "business affairs" information and records in reassessment proceedings under the PRCTL, and to hold closed hearings where needed to preserve that confidentiality.

Our holding does not render section 11342's special protection of trade secrets redundant. Section 11655 allows taxpayers (i.e., "persons required to report" to the board) to shield their "business affairs" from disclosure. Because the term "business affairs" will always encompass trade secrets, taxpayers do not need section 11342 to shield their *own* trade secrets. ■ Section 11342, however, appears to go further than protecting just the taxpayer. It allows a "petitioner" (i.e., the taxpayer seeking reassessment) to

shield trade secrets whose disclosure would be detrimental to the business interests of "the owner" of the trade secrets. By differentiating between a "petitioner" and the trade secrets' "owner" in the same sentence, section 11342 suggests that the taxpayer seeking reassessment can shield trade secrets of another. That is consistent with preexisting law allowing a trade secret owner, in limited circumstances, to prevent disclosure by others. (*Uribe* v. *Howie* (1971) 19 Cal.App.3d 194, 207-208 [96 Cal.Rptr. 493].) The fact that section 11342 requires the taxpayer to show the need for protection by sworn declarations, a formal proof procedure not found in section 11655, further suggests that the interests of others are being identified and protected. Thus, section 11342 has independent vitality even though the taxpayer's own "business affairs" are already protected under section 11655. It may be that a taxpayer seeking to protect a third party's trade secrets could in many cases call them his own "business affairs" as well. However, we are not prepared to say, and the board has not suggested, that a taxpayer's "business affairs" will *always* include third-party trade secrets.

■ A court must accord great weight to an administrative agency's construction of statutes it is charged with implementing and enforcing. Such a construction will be adhered to unless clearly erroneous or unauthorized (*Wilkinson* v. *Worker's Comp. Appeals Bd.* (1977) 19 Cal.3d 491, 501 [138 Cal.Rptr. 696, 564 P.2d 848]; *Coca-Cola Co.* v. *State Bd. of Equalization* (1945) 25 Cal.2d 918, 921 [156 P.2d 1]), that is, unless it was arbitrary, capricious or had no reasonable or rational basis (*Culligan Water Conditioning* v. *State Bd. of Equalization* (1976) 17 Cal.3d 86, 93, fn. 4 [130 Cal.Rptr. 321, 550 P.2d 593]).

■ The board's construction in this case was clearly erroneous, both according to the law then in effect and, insofar as later statutory amendments have shed light on the earlier law (cf. *Stafford* v. *Realty Bond Service Corp., supra,* 39 Cal.2d 797, 805 [249 P.2d 241]), in retrospect as well. This is not a case where special deference is due because the board has promulgated rules (see *Ontario Community Foundations, Inc.* v. *State Bd. of Equalization* (1984) 35 Cal.3d 811, 816 [201 Cal.Rptr. 165, 678 P.2d 378]) or adhered to a longstanding and uniform interpretation (see, e.g., *Whitcomb Hotel, Inc.* v. *Cal. Emp. Com.* (1944) 24 Cal.2d 753, 757 [151 P.2d 233, 155 A.L.R. 405]) in favor of its position.

The superior court correctly granted relief against the board's decision to unseal the record.

## Disposition

The judgment (amended order granting peremptory writ of mandate) is affirmed.

Rouse, Acting P. J., and Benson, J., concurred.

A petition for a rehearing was denied August 26, 1987, and appellant's petition for review by the Supreme Court was denied October 15, 1987.