[No. B050793. Second Dist., Div. Two. Sept. 26, 1990.]

MARY L. KNOETTGEN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
TRANSIT MIXED CONCRETE COMPANY, Real Party in Interest.

COUNSEL

Allred, Maroko, Golberg & Ribakoff and Carla D. Barboza for Petitioner.

No appearance for Respondent.

Paul, Hastings, Janofsky & Walker, Dennis H. Vaughn and Elliot K. Gordon for Real Party in Interest.

OPINION

KLEIN (B.), J.*— By petition for a writ of mandate, a plaintiff challenges an order granting defendant's motion to compel discovery in a battery and employment discrimination action.

Petitioner's complaint alleges the following. In about 1978, she was the first woman ever hired by defendant Transit Mixed Concrete Company as a concrete truck driver. She remained its only woman driver for four years. In March 1989 a coworker, defendant Steve Corral, criminally assaulted petitioner at work. It is unnecessary, for purposes of this opinion, to describe

---

* Assigned by the Chairperson of the Judicial Council.

this assault in detail. It is sufficient to say that while Corral and his employer might hope to characterize it as mere friendly horseplay in celebration of petitioner's 30th birthday, what petitioner alleges is blatant hands-on sexual harassment. Petitioner also alleged harassment by other employees on numerous occasions.

Investigating the attack by Corral, the employer learned petitioner had been attacked by men twice in her childhood. At her deposition, petitioner refused to answer the employer's questions about those events. The employer moved for an order compelling her to answer. The trial court granted the motion, and this petition followed.

This type of discovery is governed by Code of Civil Procedure section 2017, subdivision (d), which provides, in pertinent part, as follows: "(d) In any civil action alleging conduct that constitutes sexual harassment, sexual assault, or sexual battery, any party seeking discovery concerning the plaintiff's sexual conduct with individuals other than the alleged perpetrator is required to establish specific facts showing good cause for that discovery, and that the matter sought to be discovered is relevant to the subject matter of the action and reasonably calculated to lead to the discovery of admissible evidence. This showing shall be made by noticed motion and shall not be made or considered by the court at an ex parte hearing . . . ."

██ Transit argued to the trial court that this statute does not apply to prior sexual assaults on a plaintiff, because they are not consensual sexual activity. Evidently the trial court agreed.

Section 2017, subdivision (d) derives from former Code of Civil Procedure section 2036.1, enacted in 1985. The same legislation also added sections 783 and 1106 to the Evidence Code, subdivision (g) to Government Code section 11507.6, and subdivision (c), second paragraph, and subdivisions (j) and (k) to Government Code section 11513. (See Stats. 1985, ch. 1328, pp. 4654-4659.) The purpose of this legislation, though probably self-evident, was eloquently stated by the Legislature: "The discovery of sexual aspects of complainant's lives . . . has the clear potential to discourage complaints and to annoy and harass litigants. That annoyance and discomfort, as a result of defendant[s'] . . . inquiries, is unnecessary and deplorable. Without protection against it, individuals whose intimate lives are unjustifiably and offensively intruded upon might face . . . invoking their remedy only at the risk of enduring further intrusions into details of their personal lives in discovery, and in open . . . judicial proceedings.

"The Legislature is mindful that a similar state of affairs once confronted victims in criminal prosecutions for rape . . . .

"The Legislature concludes that the use of evidence of a complainant's sexual behavior is more often harassing and intimidating than genuinely probative, and the potential for prejudice outweighs whatever probative value that evidence may have. Absent extraordinary circumstances, inquiry into those areas should not be permitted, either in discovery or at trial." (Stats. 1985, ch. 1328, § 1, pp. 4654-4655.)

We reject the employer's suggestion this protection should be withheld when the plaintiff's prior experience consists of being the child victim of a crime of sexual violence.

Nor did the employer make a showing under section 2017, subdivision (d), sufficient to justify the trial court's order. The employer argued, inter alia, "Similar experiences in her past may well have affected Plaintiff's perception of what transpired, her response thereto, and the nature and extent of emotional distress she may have suffered . . . . [Plaintiff] waived any claim of right to privacy regarding the disputed questions by filing this lawsuit." In a reply memorandum the employer furnished the declaration of a forensic psychiatrist, who said, "In order to conduct a meaningful evaluation of Plaintiff's alleged emotional damages, it is necessary to inquire into sexual assaults that Plaintiff may have suffered in the past. Such incidents are directly relevant to the issues of whether there is an alternative source of any emotional distress suffered by Plaintiff and the extent of damages Plaintiff allegedly has suffered from the acts alleged in her Complaint. In addition, traumatic sexual experiences in childhood often play a significant role in sexual perceptions, attitudes and behavior. It would be necessary to inquire into these aspects of Plaintiff's history and development in order to better understand her adult perceptions, reactions and attitudes."

We do not perceive that this showing differentiates this case from any other sexual harassment case. If this be good cause, then this type of discovery is automatically available in every case, and Code of Civil Procedure section 2017, subdivision (d) is meaningless.

Even in the absence of section 2017, subdivision (d), the employer would not be entitled to the discovery it sought in this case. In all forms of discovery and at trials, witnesses are afforded statutory protection from unwarranted intrusiveness, annoyance, embarrassment, and oppression. (Code Civ. Proc., § 2017, subd. (c); § 2025, subd. (i), 2d par., and subd. (n) (depositions); § 2030, subd. (e), 2d par. (interrogatories); § 2031, subd. (e), 2d par. (inspection of documents, objects, or places); § 2032, subd. (d), 2d par. (mental examinations); § 2033, subd. (e), 2d par. (requests for admission); Evid. Code, § 765, subd. (a) (testimony of witnesses).) When privacy is implicated, the appellate courts have been vigilant to provide

extraordinary relief to prevent impairment of these protections. (See *Vinson v. Superior Court* (1987) 43 Cal.3d 833 [239 Cal.Rptr. 292, 740 P.2d 404]; *Mendez* v. *Superior Court* (1988) 206 Cal.App.3d 557 [253 Cal.Rptr. 731]; *Morales* v. *Superior Court* (1979) 99 Cal.App.3d 283 [160 Cal.Rptr. 194].) Protection has been afforded defendants as well. (See *Boler* v. *Superior Court* (1987) 201 Cal.App.3d 467 [247 Cal.Rptr. 185].)

The discovery the employer demands in this action is precisely that which the Legislature has declared offensive, harassing, intimidating, unnecessary, unjustifiable, and deplorable. A case based on the conduct of a plaintiff's coworkers should not be turned into an investigation of plaintiff's childhood. Sexual harassment in the workplace is no trifle. As the Chief Justice of the United States has written, " 'Sexual harassment which creates a hostile or offensive environment for members of one sex is every bit the arbitrary barrier to sexual equality at the workplace that racial harassment is to racial equality. Surely, a requirement that a man or woman run a gauntlet of sexual abuse in return for the privilege of being allowed to work and make a living can be as demeaning and disconcerting as the harshest of racial epithets.' " (*Meritor Savings Bank* v. *Vinson* (1986) 477 U.S. 57, 67 [91 L.Ed.2d 49, 59, 106 S.Ct. 2399].) When an employee seeks vindication of legal rights, the courts must not be party to the unnecessary infliction of further humiliation.

Let a peremptory writ of mandate issue, commanding respondent court to set aside its order of May 25, 1990, granting the motion of real party in interest for further answers to deposition questions, and to enter a new order denying the motion. Costs to petitioner.

Roth, P. J., and Gates, J., concurred.