[No. A055093. First Dist., Div. Five. Jan. 27, 1993.]

PATRICIA C., Plaintiff and Appellant, v.
MARK D., Defendant and Respondent.

**COUNSEL**

Patricia A. Gray and Michael W. Milward for Plaintiff and Appellant.

Vogel & Meredith, Samuel E. Meredith and Janet Brayer for Defendant and Respondent.

**OPINION**

**KING, J.**—In this case we hold that in a medical malpractice action claiming injury and damages from psychologist-patient sexual contact, the trial court has discretion to admit evidence of plaintiff's sexual history for the purpose of determining proximate cause, but only to the limited extent the history is relevant and its probative value outweighs its prejudicial effect.

### I. BACKGROUND

Patricia C. appeals from a defense judgment in her action against psychologist Mark D. for medical malpractice and infliction of emotional distress through sexual contact with her.

Mark began treating Patricia at a community counselling agency in June 1985. She was 23 years old, unemployed and homeless. She told Mark her father had abused her, she had been a prostitute at the age of 13, and she had previously worked as a topless dancer. Mark felt she was possibly psychotic.

According to Mark, during the course of treatment Patricia sometimes did things that had sexual aspects, such as dressing seductively and acting

flirtatiously. At one point she became very angry at him when he told her she was spending too much time at the agency and should be there only when she had an appointment. On another occasion she became upset when she saw him with a woman in a yogurt shop. Her mental condition began to deteriorate. She returned to working as a topless dancer, and she occasionally suggested that Mark come to see her act. He terminated her treatment in December 1985 after a session in which she danced and displayed lingerie in which she worked.

Patricia sued Mark in 1986, alleging he had engaged in sexual conduct with her. She alleged causes of action for medical malpractice, intentional infliction of emotional distress and negligent infliction of emotional distress, and claimed damages including injury to future sexual relationships. At trial she testified he had seduced her into committing multiple acts of oral copulation and sexual intercourse during her counselling sessions at the agency and on one occasion at his home. Mark denied having any sexual contact with her.

In 1987, the Legislature adopted Civil Code section 43.93, which created a new cause of action for sexual contact by a psychotherapist with a patient. However, Patricia's relationship with Mark predated Civil Code section 43.93, and the case was tried only on the causes of action for medical malpractice and infliction of emotional distress.[1]

At the outset of trial, Patricia moved to exclude evidence of her sexual contact with persons other than Mark and evidence of her employment as a topless dancer. She contended the evidence of sexual contact was absolutely barred by Evidence Code section 1106 and was unduly prejudicial under Evidence Code section 352. Her motion regarding her employment was based only on Evidence Code section 352. Patricia conceded that matters she had told Mark in therapy, including the fact she had been a prostitute, should be admissible.

Evidence Code section 1106 provides in pertinent part: "In any civil action alleging conduct which constitutes *sexual harassment, sexual assault, or sexual battery*, opinion evidence, reputation evidence, and *evidence of specific instances of plaintiff's sexual conduct*, or any of such evidence, is not

---

[1]The provision of Civil Code section 43.93 creating the new cause of action for sexual contact by a psychotherapist with a patient or former patient is substantive in nature. However, the provisions setting forth the procedure under which the court may admit evidence of the plaintiff's sexual history appear to be procedural in nature and are arguably applicable to the medical malpractice case before us. In any event, as we discuss later in this opinion, it appears the trial court followed the same procedure in the instant case as would be required in an action against a psychotherapist for sexual contact under section 43.93.

admissible by the defendant in order to prove consent by the plaintiff or *the absence of injury to the plaintiff*, unless the injury alleged by the plaintiff is in the nature of loss of consortium." (Evid. Code, § 1106, subd. (a), italics added.)

The trial judge ruled that Evidence Code section 1106 did not apply because this was an action for medical malpractice rather than "sexual harassment, sexual assault, or sexual battery" within the meaning of the statute. The judge further concluded the challenged evidence was essential to a fair trial on the issue of damages—i.e., whether Patricia's current mental condition was attributable to Mark's alleged conduct or to her pretreatment psychosexual history.[2]

As a result of the judge's ruling and Patricia's concession regarding admission of matters she had told Mark in therapy, the following evidence of sexual conduct was presented, mostly through Patricia's own testimony: at the age of 13, Patricia had worked for 6 months as a prostitute; Patricia had worked as a topless dancer since the age of 15, had done so occasionally during her treatment by Mark, and was still doing so at the time of trial; and Patricia's father had sexually abused her. Also, the director of the agency where Mark treated Patricia testified Patricia's demeanor had been seductive and flirtatious, and her family physician testified he had treated her for vaginitis in 1990. (Medical records received in evidence contained little sexual history other than passing references to the fact Patricia had been a prostitute and topless dancer and occasional mention of unspecified problems with a "boyfriend" in 1986-1987.)

Defense counsel argued to the jury that Patricia should not be believed because her extensive history of psychiatric disorder and treatment demonstrated she was psychotic, delusional and vengeful, and even if the allegations of sexual conduct were true there was no damage because Patricia had already been psychotic.

In a special verdict for Mark, the jury determined he had not been negligent in the care and treatment of Patricia and had not intentionally or negligently inflicted emotional distress. The court rendered judgment for Mark, and Patricia appealed.

[2]Trial counsel and the judge all agreed that such evidence was inadmissible under Evidence Code section 1106 to attack Patricia's credibility. This was not necessarily true. Evidence of a plaintiff's sexual conduct is admissible to attack credibility in actions for sexual harassment, assault or battery upon a judicial determination of relevancy under Evidence Code section 783. (See Evid. Code, § 1106, subd. (d).)

## II. Discussion

The issue is whether the trial court should have excluded the evidence of Patricia's sexual history and conduct. Patricia contends the evidence was presented to attack her moral character and should have been excluded under Evidence Code section 1106, Civil Code section 43.93, and Evidence Code sections 352, 786, 787, and 1101.

### A. *Evidence Code section 1106.*

Evidence Code section 1106 creates an *absolute bar* to the admission of evidence of "specific instances of plaintiff's sexual conduct" to prove "the absence of injury to the plaintiff" in "any civil action alleging conduct which constitutes sexual harassment, sexual assault, or sexual battery." (Evid. Code, § 1106, subd. (a); cf. *Mendez* v. *Superior Court* (1988) 206 Cal.App.3d 557, 572-573 [253 Cal.Rptr. 731] [discovery as to sexual history under Code of Civil Procedure section 2017, subdivision (d), on extent of damages in action for emotional distress is not justified by the mere fact the protected conduct might have caused some distress or anxiety].)

We note preliminarily that the evidence in dispute was not admitted to prove the absence of any injury to Patricia. Mark's position was that Patricia's injury was not caused by any conduct on his part, but by experience or conduct which occurred in her life prior to the commencement of the psychologist-patient relationship. This being a negligence case, the issue of proximate cause of Patricia's injury was in dispute. The challenged evidence was admitted on that issue.

██ The pivotal question is whether the present action may properly be characterized as a "civil action alleging conduct which constitutes sexual harassment, sexual assault, or sexual battery" within the meaning of section 1106. The answer turns on whether the statute was intended to apply only to cases where a plaintiff alleges a *cause of action* for sexual harassment, assault or battery, or more broadly to any case, regardless of the causes of action alleged, where the defendant's purported conduct *may be characterized* as sexual harassment, assault or battery. Section 1106 is susceptible to the broader interpretation because it specifies "conduct which constitutes" rather than "a cause of action" for sexual harassment, assault or battery. Patricia did not allege any such causes of action—the theory of her case was medical negligence and infliction of emotional distress—but sexual contact between Mark and Patricia may be characterized as a common law *sexual*

*battery* on the theory that any sexual contact between psychotherapist and patient is "harmful or offensive contact." (Rest.2d Torts, § 18.)[3]

All signs point to the narrower statutory construction. First, the adoption of section 1106 was accompanied by a statement of intent in which the Legislature said "it is the existing policy of the State of California to ensure that *the causes of action* for claims of sexual harassment, sexual assault, or sexual battery are given proper meaning" through protection against intrusion into plaintiffs' intimate lives. (Stats. 1985, ch. 1328, § 1, pp. 4654-4655, italics added.) This indicates that despite the "conduct which constitutes" language, the statute was intended to apply where the plaintiff alleges a *cause of action* for sexual harassment, assault or battery.

Second, the broader construction of section 1106 would create a conflict with provisions of Civil Code section 43.93 pertaining to admission of evidence of a plaintiff's sexual history where the plaintiff alleges a cause of action for psychotherapist-patient sexual contact. Section 43.93 states that in such actions, "evidence of the plaintiff's sexual history" is undiscoverable and inadmissible *except* where "plaintiff claims damage to sexual functioning" or "defendant requests a hearing prior to conducting discovery and makes an offer of proof of the relevancy of the history, and the court finds that the history is relevant and the probative value of the history outweighs its prejudicial effect." (Civ. Code, § 43.93, subd. (d).) Under section 43.93, the court has *discretion to admit* sexual history evidence to prove an absence of injury upon a finding that the history is relevant and its probative value outweighs its prejudicial effect.[4] In contrast, such evidence is *absolutely barred* by Evidence Code section 1106 for purposes of proving an absence of injury. If section 1106 is construed broadly to reach beyond causes of action for sexual harassment, assault or battery, so that it may apply to causes of action for psychotherapist-patient sexual contact, there would be an irreconcilable conflict between the two statutes. Civil Code section 43.93 would permit discretionary admission of relevant sexual history evidence to prove

---

[3]"Plaintiffs rarely pursue [a battery] cause of action for therapist-patient sexual contact because many malpractice insurers do not provide insurance coverage for intentional acts, therefore depriving the plaintiff of assured compensation or a deep pocket." (Jorgenson et al., *The Furor Over Psychotherapist-Patient Sexual Contact: New Solutions To An Old Problem* (1991) 32 William & Mary L.Rev. 645, 685.)

[4]There are recognized justifications, in limited situations, for discretionary admission of sexual history evidence in actions for psychotherapist-patient sexual contact. "If the victim alleges damage to sexual function, the court in fairness must allow the defendant to inquire about the victim's sexual history. Furthermore, the need to evaluate the possibility that personality disorders predating the sexual abuse caused certain symptoms may also justify inquiry into the plaintiff's sexual history. In addition, a defense against a false accusation may entail the demonstration of sexual delusions about a number of persons." (Jorgenson et al., *op. cit. supra*, at p. 713.)

an absence of injury, but Evidence Code section 1106 would absolutely preclude it. A basic rule of statutory construction is that two potentially conflicting statutes must be construed whenever possible in such a manner that harmonizes and gives effect to both. (E.g., *General American Transportation Corp.* v. *State Bd. of Equalization* (1987) 193 Cal.App.3d 1175, 1181 [238 Cal.Rptr. 865]; *Planned Parenthood Affiliates* v. *Van de Kamp* (1986) 181 Cal.App.3d 245, 269 [226 Cal.Rptr. 361].) That rule requires us to construe Evidence Code section 1106 narrowly to avoid conflict with Civil Code section 43.93.

Finally, there is a logical basis for not extending section 1106 to actions for psychotherapist-patient sexual contact (whether brought under Civ. Code, § 43.93 or, as here, for medical malpractice). In such actions, the cause of a plaintiff's mental condition—i.e., the *extent* to which injury resulted from sexual contact—is more likely to be legitimately disputed, since the plaintiff will likely have had some emotional disorder that predated the sexual contact and led to psychotherapy in the first place. This is not necessarily so in the typical action for sexual harassment, assault or battery, in which there is no special likelihood of preexisting emotional disorder. The absolute bar of section 1106 is justified in typical harassment, assault or battery cases by the need to protect victims from intrusion into their private lives. (Stats. 1985, ch. 1328, § 1, pp. 4654-4655.) However, in actions for pyschotherapist-patient sexual contact a countervailing consideration—the special likelihood of preexisting emotional disorder and the potential relevance of sexual history—militates against an absolute bar and in favor of discretionary admissibility as prescribed by Civil Code section 43.93 where sexual history is relevant and its probative value outweighs its prejudicial effect.

We conclude, therefore, that Evidence Code section 1106 did not apply to the present case, whether treated as an action for medical malpractice or for psychotherapist-patient sexual contact, because this was not, within the meaning of the statute, a "civil action alleging conduct which constitutes sexual harassment, sexual assault, or sexual battery."[5]

B. *Civil Code section 43.93.*

Patricia contends the trial court should have "minimally applied . . . or sought guidance from" Civil Code section 43.93 to exclude the challenged

---

[5]Patricia's reliance on *Knoettgen* v. *Superior Court* (1990) 224 Cal.App.3d 11 [273 Cal.Rptr. 636], which held that evidence of prior nonconsensual sexual conduct was nondiscoverable under section 1106, is therefore misplaced, since that was an action for battery and employment discrimination in which the plaintiff alleged numerous instances of sexual harassment.

evidence. But she expressly conceded below that section 43.93 did not apply because her treatment by Mark predated the statute. In any event, even under the statute there would be no error because the court determined, as required by subdivision (d) of section 43.93, that the evidence of sexual history was relevant and its probative value outweighed its prejudicial effect.

C. *Evidence Code sections 352, 786, 787, and 1101.*

■ The same is true with regard to Patricia's claim that the court should have excluded the evidence under Evidence Code section 352. The standard of discretionary exclusion under section 352 is similar to the standard of discretionary admission under Civil Code section 43.93—probative value versus undue prejudice—and the court justifiably struck the balance in favor of admission.

Patricia also argues the challenged evidence was inadmissible under Evidence Code sections 786 and 787, which preclude admission of certain character trait evidence to attack credibility, and Evidence Code section 1101, which precludes admission of certain character trait evidence to prove conduct on a specified occasion. Those statutes are inapposite. The evidence of Patricia's sexual history was not presented as character trait evidence but on the issue of the extent of her injury from Mark's alleged conduct, and defense counsel's argument to the jury as to the impact of her sexual history on her credibility did not go to her character but to the claim she suffered from psychosis and delusions.

D. *Waiver of error and harmless error.*

Even if we concluded the challenged evidence was inadmissible or its admission was an abuse of discretion, the error would not be reversible, under principles of waiver and harmless error.

The trial court's ruling was rather vague, and counsel could have interpreted it very broadly. The court initially said "all" sexual history evidence would be admissible, but later said "some" sexual history was relevant. Nevertheless, defense counsel was very cautious in presenting evidence of Patricia's sexual history. There was no inquiry into specific instances of her sexual conduct with any individuals as prohibited by Evidence Code section 1106, and no examination of the details of her brief career as a child prostitute. Ultimately, very little sexual history was presented to the jury.

As for the evidence that was presented, Patricia waived any claim of error regarding nearly all of it. In her written motion to exclude evidence of sexual

contact with persons other than Mark, she said she would not object to admission of evidence of her prostitution record to the extent of information she gave Mark when she was his patient. She expanded this concession considerably in open court, arguing defense counsel should "not be allowed to go beyond what Mark . . . knew about this woman when she presented there." She thereby agreed to the admission of matters she had conveyed to Mark during therapy. This encompassed the prostitution, her career as a topless dancer until the termination of therapy, and the sexual abuse by her father. Patricia waived any claim of error as to these matters by agreeing to their admission. (*Nevada County Office of Education* v. *Riles* (1983) 149 Cal.App.3d 767, 779 [197 Cal.Rptr. 152].)

The family physician's testimony regarding Patricia's treatment for vaginitis in 1990 was not within the scope of her motions to exclude evidence of sexual contact with persons other than Mark or evidence of her employment history. She asserted no objection when this testimony was presented; a prior objection to the physician's testimony was limited to evidence that she had been treated for asthma, a rash and bronchitis. She thus waived any claim of error through failure to object. (Evid. Code, § 353.)

(3) The only waiver-free evidence was the testimony of the agency director that Patricia's demeanor had been seductive and flirtatious, and the evidence of Patricia's employment as a topless dancer at the time of trial. This is not the stuff of prejudicial error. The evidence of Patricia's current employment was merely cumulative to the evidence of her employment until the termination of therapy. The testimony that her demeanor had been seductive and flirtatious was likewise cumulative to similar testimony by Mark; it was also relatively innocuous in comparison to the evidence as to which any error was waived. It is not reasonably probable a different result would have occurred had the waiver-free evidence been excluded. (*People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)[6]

### III.  CONCLUSION

Psychotherapist-patient sexual contact is a matter of serious concern which the Legislature has addressed in Civil Code section 43.93, creating the

---

[6]Patricia also contends the court erred in admitting (1) evidence of her juvenile drug use, and (2) opinion testimony by a defense psychiatrist on the issue whether she was credible. As to both these points, Patricia waived any error through failure to object when the evidence was presented at trial. (Evid. Code, § 353.) Indeed, Patricia was the first to introduce expert testimony as to her credibility, presenting the opinion of her own psychiatric expert that she was incapable of making up her story of sexual contact with Mark. Mark's expert merely rebutted the testimony of Patricia's expert.

cause of action for sexual contact and placing limits on the admission of evidence of a plaintiff's sexual history. We certainly do not mean to erode this statutory protection against unwarranted intrusion into victims' personal affairs. A patient subjected to sexual contact should not be discouraged from bringing such an action out of fear sexual history will become the issue to be tried. In adopting section 43.93, the Legislature recognized the potential for abuse and responded by limiting the admission of evidence of sexual history to situations of established relevancy. Such evidence should be admitted only when probative value outweighs prejudice, and only to the extent necessary to afford the defendant a fair trial.

That is precisely what occurred here. Defense counsel was careful to present the bare minimum necessary to support the theories that Patricia was psychotic and delusional and had not been injured by the alleged sexual contact. This was simply not a case where the focus of trial was deflected from the question of psychotherapist-patient sexual contact to an attack on the plaintiff's moral character.

## IV. DISPOSITION

The judgment is affirmed.

Peterson, P. J., and Haning, J., concurred.